## GRANT *v.* WHITE.

Where a party changes his attorneys in an action, and there is no regular substitution of attorneys as pointed out by statute, notices may be served on the attorney of record.

APPEAL from the Superior Court of the City of San Francisco.

In this cause judgment was rendered against the defendant in the Court below. Defendant moved for a new trial, and in the meantime, employed other attorneys. No substitution of attorneys was filed, nor notice thereof given to plaintiff. Plaintiff's attorney served notice of argument on defendant's attorney of record, who informed plaintiff's attorney that defendant had employed other attorneys, and that he was no longer in the case. Plaintiff's attorney insisting on serving the defendant's attorney of record, the latter promised to inform the substituted attorneys of defendant, but forgot so to do. Neither defendant nor his then attorneys were served with notice, and not appearing at the argument, the motion for a new trial was overruled. A proper substitution of attorneys was then filed, and defendant's attorneys moved to vacate the order overruling the motion for a new trial, on the ground of want of proper notice; which motion was overruled by the Court, and defendant appealed.

*Crockett & Page* for Apellant.

*Edward Stanly* for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

The only point raised by the Bill of Exceptions is the want of proper notice by defendant's counsel of the time for argument of the motion for a new trial. The notice, it seems, was served on Mr. Kewen after

his connection with the case had ceased, and the defence of it had been turned over to Mr. Crockett. To avail the defendant of this objection, there should have been a regular substitution of counsel in the mode pointed out by the statute.

There is no statement of the case which will enable us to consider the other assignments of error. Judgment affirmed.