CANDAL ET AL., DEMANDANTES Y APELADOS, *v.* VARGAS ET AL.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre impugnación de elecciones.

No. 2418.—Resuelto en marzo 29, 1921.

IMPUGNACIÓN ELECTORAL—NOTIFICACIÓN DE LA APELACIÓN—PERSONAS QUE HAN
DE SER NOTIFICADAS DE LA APELACIÓN.—Una notificación del escrito de ape-
lación hecha al abogado de la parte contraria en las acciones sobre impug-
nación de elecciones autorizadas por la Ley de marzo 7, 1906, es equivalente
a una notificación a la parte contraria.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Soto* y *Feliú.*

Abogado de los apelados: *Sr. R. Cuevas Zequeira.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelados solicitan la desestimación de la apelación
por no habérseles notificado nunca el escrito de apelación.
No se niega que fué notificado por correo a su abogado de
récord en el caso de impugnación de elecciones en el cual
se ha interpuesto la apelación.

La sección 11 de la ley de marzo 7 de 1906, leyes de la
sesión de ese año, página 61, está particularmente envuelta.
La ley se titula "Proveyendo el procedimiento para impug-
nar la elección de funcionarios, excepto los miembros de la
Legislatura y el Comisionado a los Estados Unidos," y la
sección en cuestión es como sigue:

"Sección 11.—Del fallo de la corte de distrito podrá apelar cual-
quiera de las partes para ante la Corte Suprema, dentro del término
improrrogable de diez días después de pronunciada la sentencia defi-
nitiva, presentado al secretario de la corte una notificación por es-
crito de dicha apelación, después de entregar copia de la misma a la
parte contraria, y no se autorizará moción alguna para nuevo juicio,
antes de establecerse la apelación, lo cual se efectuará de acuerdo con
el reglamento prescrito para las apelaciones en asuntos civiles, y jun-
tamente con la notificación del recurso constituirá el apelante una
fianza con dos o más fiadores abonados, a satisfacción de la corte o
juez que conociere del asunto, comprometiéndose el apelante a prose-

guir su apelación hasta determinarse y a satisfacer todas las costas a que fuere condenado por la Corte Suprema, y tales casos tendrán precedencia en la Corte Suprema sobre todos los demás; *Disponiéndose* que dentro de los treinta días de pronunciado el fallo definitivamente, término improrrogable, a no conceder una extensión justificada la Corte Suprema, deberá presentar en ésta el apelante una transcripción de todos los procedimientos habidos en la contienda o impugnación, certificada por el secretario del tribunal sentenciador o por los abogados de todas las partes en dicha contienda. Si la transcripción no se presentare dentro de los treinta días señalados para ello y la Corte Suprema no hubiera concedido una prórroga, o concedida ésta, no se presentare la transcripción dentro de la misma, podrá el apelado obtener un certificado del secretario del tribunal sentenciador, en el cual se consignarán el número de la demanda en juicio, los nombres de las partes en la controversia, una reproducción íntegra de la sentencia y la fecha de la misma, y el cual será confirmado por el secretario y sellado con el sello del tribunal; y presentado que fuere dicho certificado por el apelado en la Corte Suprema, será obligación de dicha corte afirmar desde luego el fallo del tribunal sentenciador, certificando en el acto a la corte inferior su resolución para el debido cumplimiento de la misma.''

Los apelados sostienen que siendo la ley sumaria y especial, la jurisdicción que ha de alquirir la corte de apelación debe interpretarse estrictamente e interponerse las apelaciones en la única forma autorizada por el estatuto. Alegan que si la Legislatura hubiera querido permitir un método alternativo lo hubiera expresado así, como lo hizo en el artículo 296 del Código de Enjuiciamiento Civil y en el artículo 3 de dicha ley de elecciones. Niegan que dicha sección 296 pueda ser aplicable, ya por el texto mismo de dicha ley o por analogía, toda vez que dicha impugnación de elección no puede considerarse como una acción civil en su sentido ordinario y citan los siguientes casos: *Kreitz* v. *Behrensmeyer,* 8 A. S. R. 349; *Odell* v. *Wharton,* 87 Tex. 173; *Buckler* v. *Turbeville,* 17 Tex. Civ. 121; *González* v. *Gallegos,* 62 Pac. 1102.

En oposición, alegan los apelantes que la cuestión prin-

cipal envuelta es la de qué interpretación ha de darse a las palabras "parte contraria" según se emplean, y además que la ley misma robustece el criterio de que fué la intención del legislador que las cuestiones de procedimiento deben regularse por el Código de Enjuiciamiento Civil.

La sección 997 de los Estatutos Revisados de los Estados Unidos prescribe lo siguiente:

"Deberá agregarse y devolverse con cualquier auto de error para el traslado de una causa en el día y lugar que allí se menciona, una transcripción auténtica de los autos, un señalamiento de errores, y una súplica para la revocación, con una citación a la parte contraria."

Las palabras "parte contraria" según se emplean en dicha sección han sido consideradas invariablemente por la Corte Suprema de los Estados Unidos como que incluyen al abogado de récord. *United States* v. *Curry,* 6 How. 112; *Bacon v. Hart,* 1 Black 38; *Bigler* v. *Waller,* 12 Wall. 142, 147; *Scrubbs* v. *Memphis & Charleston Railroad Company,* 131 U. S. CCIV; *Tripp* v. *Santa Rosa Street Railroad Company,* 144 U. S. 129; *Davis* v. *Wakelee,* 156 U. S. 684. Las palabras del Juez Presidente señor Taney en el caso *United States* v. *Curry, supra,* han sido citadas frecuentemente, a saber:

"Así también en cuanto a la citación al abogado. Es indudablemente suficiente y está de acuerdo con la práctica establecida en las cortes de equidad. Ningún abogado o procurador puede retirar su nombre una vez que lo ha registrado en los autos sin permiso de la corte. Y mientras esté allí su nombre, la parte contraria tiene derecho a considerarlo como el abogado o procurador autorizado y el servicio de la notificación a él es tan válido como si se hiciera a la parte misma. Y presumimos que ninguna corte permitiría a un abogado que ha comparecido al juicio con la sanción de la parte, expresa o tácita, retirar su nombre después de haberse resuelto el caso finalmente. Pues si esto pudiera hacerse sería imposible notificar la citación cuando la parte reside en un país lejano o era desconocido el lugar de su residencia, y en cada caso ocasionaría gastos innecesarios y dificultades, a menos que viviera en el lugar donde estaba la corte.

Y lejos de permitirse a un abogado que moleste e impida la administración de justicia retirando su nombre después del juicio y de la sentencia definitiva, creemos que la corte debe considerar cualquier tentativa en tal sentido como sujeta a merecida censura.''

Las palabras ''parte contraria'' fueron así aceptadas incondicionalmente por la Corte Suprema de los Estados Unidos como que incluyen en su alcance al abogado de récord.

La materia en cuestión se resume en el tomo 3 de Corpus Juris, página 1214, en la forma siguiente:

''Sección 1314.—*Suficiencia de la notificación hecha al abogado.*— La notificación hecha o aceptada por el abogado del apelado o demandado en error, por lo general es suficiente, principalmente por mandato expreso de la ley; pero de acuerdo con el estatuto en algunas jurisdicciones tal notificación sólo se permite cuando el apelado o demandado en error no es un residente y no puede ser hallado.''

''Sección 1335 (3)—*Personas que han de ser notificadas.*—Las personas a quienes debe hacerse la notificación son las especificadas por los estatutos de los diferentes Estados. Los preceptos de tales estatutos generalmente son imperativos y el dejar de hacerse la notificación a las personas especificadas, o a las que legalmente las representen con tal objeto, es fatal.

''*Al abogado.*—Cuando un estatuto prescribe que se notifique el escrito de apelación a una parte, la notificación hecha al abogado no cumple con el precepto estatutorio, a menos que esté comprendida en alguna excepción. Pero a falta de un estatuto que disponga otra cosa, o cuando el estatuto dispone que el escrito de apelación se notifique a la parte o a su abogado, la notificación puede hacerse y generalmente se hace al abogado de récord de la parte, o a la parte.'' 3 C. J. 1230- 1-2.

Las notificaciones hechas de acuerdo con la sección 1314, *supra,* de los Estados Unidos, muestran que el que redactó dicha sección 1314, expresaba que la notificación hecha o aceptada por el abogado del apelado o demandado en error generalmente es suficiente y esto es así en las cortes de los Estados Unidos. Las cortes de California interpretan, al parecer, las palabras en la misma forma. *Boca & L. R. Co.*

v. *Superior Court, etc.,* 88 Pac. 718; *Board of Commissioners* v. *Younger,* 29 Cal. 147, 87 A. D. 164.

La misma idea debemos formarnos en vista de los varios artículos de nuestro propio Código de Enjuiciamiento Civil. El artículo 320 prescribe que la diligencia de una notificación o entrega de documentos deberá hacerse personalmente a la parte, o a su abogado, según proceda, etc. El artículo 201 expresa que cualquiera de las partes podrá someter una cuestión a juicio o vista. El artículo 203, que la parte que obtuviere el aplazamiento de un juicio en cualquiera corte de justicia deberá, si así lo exigiere el contrario, consentir en que la declaración de cualquier testigo de ésta que se hallare presente, etc. El artículo 205 expresa que no existiendo convenio entre las partes, podrá la corte, a instancia de cualquiera de ellos, o por propia iniciativa, disponer un arbitraje en los casos siguientes, etc. El artículo 216 ordena que cuando una de las partes desea que las excepciones presentadas en un juicio sean aprobadas, etc. En ninguno de estos últimos artículos podría dudarse que "parte" debe necesariamente comprender al abogado.

La cita del párrafo 1335 de Corpus Juris, *supra,* donde se dice, "Cuando un estatuto dispone que la notificación de un escrito de apelación debe hacerse a la parte, la notificación al abogado no cumple con el estatuto, a menos que esté comprendida en alguna excepción," y se citan entre otros casos los de *Abrahms* v. *Stokes,* 39 Cal. 150; *Grant* v. *White,* 6 Cal. 55. Estas autoridades alegadas no sostienen el texto.

Corpus Juris, en el párrafo 1314, *supra,* presume las excepciones en esta forma:

"Pero de acuerdo con el estatuto en algunas jurisdicciones, tal notificación únicamente se permite cuando el apelado o demandado en error no es un residente, o no puede ser hallado."

Los estatutos de Louisiana y Texas que principalmente

se citan en apoyo del texto prescriben distintamente que la notificación sólo puede hacerse al abogado cuando el demandado no puede encontrarse.

El caso en que más se fundan los apelados, *González* v. *Gallegos,* 62 Pac. 1103, *supra,* fué, en verdad, un caso de elecciones en el cual la corte resolvió que la contestación de los demandados hecha al abogado de récord del demandante impugnador no era suficiente. Pero allí el estatuto mismo (sección 1732) prescribía que "Una copia del escrito de impugnación, contestación y réplica será notificada respectivamente en la misma forma que la ley requiere que el emplazamiento (*process*) sea notificado en una acción en ley." La regla y la razón para esto son muy distintas de las consideraciones que afectan al presente caso. Nuestro propio artículo 93 del Código de Enjuiciamiento Civil dispone que el demandado será llevado ante la corte mediante emplazamiento. Es claro que un demandado generalmente no tiene abogado hasta que primero ha sido llevado a la corte por virtud de un emplazamiento. De modo que la regla claramente es que en cuestiones referentes a la primer notificación de un demandado, que él mismo debe ser notificado y no su abogado. Siendo esta la regla el estatuto de Nuevo Méjico terminantemente expresaba que debía hacerse la misma clase de notificación en caso de una contestación por un demandante impugnador a un demandado, y estando la regla claramente determinada por el estatuto la Corte Suprema de Nuevo Méjico estaba obligada a observarla.

La sección 3 de la ley de marzo 7 de 1906 prescribe entre otras cosas que cuando la notificación, demanda y contestación hayan sido entregadas al secretario de la corte, éste anotará el caso en el libro de causas como los demás asuntos civiles. La sección 11, en controversia, expresa que la apelación se efectuará de acuerdo con el reglamento prescrito para las apelaciones en asuntos civiles.

Es muy conveniente que los abogados tengan completo control de los casos desde su principio hasta su terminación. Algo como esto se indica en el artículo 348 del Código de Enjuiciamiento Civil, donde se dice lo siguiente:

"Un pleito se considera pendiente desde que principia hasta su resolución final en apelación o hasta que haya expirado el tiempo para interponer el recurso de apelación, a menos que se haya cumplido el fallo con anterioridad."

Como de acuerdo con la razón y lo que concebimos que es la mejor tendencia de las autoridades la notificación hecha a un abogado es una notificación a la parte contraria, la moción de desestimación debe ser denegada.

*Sin lugar la desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.