[S. F. No. 12543. In Bank.—January 27, 1928.]

WILLIAM H. MOORE, Petitioner, v. THE SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, etc., et al., Respondents.

Stanislaus A. Riley for Petitioner.

R. F. Mogan, T. W. Hubbard and Leo A. Murasky for Respondents.

RICHARDS, J.—The petitioner herein seeks, by a writ of review, to have reviewed a certain proceeding and annulled a certain order of the Superior Court in and for the City and County of San Francisco, made and entered in an action for divorce, entitled Alyce Moore, Plaintiff, v. William H. Moore, Defendant. The facts upon which said application is based, and which are practically undisputed, are the following: On the eighth day of April, 1914, the said Superior Court made and entered its interlocutory decree in said action, wherein and whereby the care, custody, and control of the two minor children of the parties to said action was awarded to the plaintiff, and the defendant was ordered to pay to the plaintiff monthly the sum of $30 for the support and maintenance of said children, and the further sum of $12.50 at stated intervals for their necessary clothing. The final decree, which was made and entered on April 12, 1915, embodied the foregoing terms of the interlocutory decree. During the trial of said action the defendant, who had been personally served and had appeared therein, was represented by one E. G. Ryker, Esq., as his attorney of record in said cause. In the year 1917 the defendant went to reside in Portland, Oregon, in which state he has since resided. On the eighth day of September, 1926, the plaintiff in said action filed in said court her notice of motion for an order amending the final decree of divorce therein so as to direct the defendant to thereafter pay to said plaintiff the sum of $60 per month for the support and maintenance of said minor children, and the further sum of $50 in January and June of each year to assist in purchasing clothing for them. The time fixed in

said notice for the hearing of said motion was the twenty-fourth day of September, 1926, at the hour of 10 o'clock. Service of said notice of motion was attempted to be made and consisted in the mailing forthwith of a copy thereof to said E. G. Ryker at the office address of said Ryker in Oakland, California, the said Ryker being, as the affidavit of mailing deposes, the attorney of record for the plaintiff in said action at all the times mentioned therein; and in the further mailing of a copy of said notice to the defendant himself at his Portland place of residence. On the day fixed in said notice for the hearing upon said motion the plaintiff appeared in court in support of said motion; the defendant also, represented by other counsel than said Ryker, made a so-called special appearance for the sole alleged purpose of objecting to the jurisdiction of the court to make any order upon said motion and of moving the court to quash the attempted service of notice thereof. In support of said objection and motion counsel for the defendant presented and filed the affidavit of said E. G. Ryker, who deposed that while he had at all the times mentioned therein been an attorney and counselor at law, with his offices in the city of Oakland, he had ceased to be the attorney for the defendant at the time of the entry of the final decree therein and had not since represented him in said action. The plaintiff, in resisting said motion, introduced the affidavit of service of the moving paper therein, wherein it was asserted that said Ryker had at all times been and still was the defendant's attorney of record in said action. The court overruled the defendant's said objection and denied his said motion, and thereupon proceeded to hear and determine the plaintiff's motion for the amendment of said final decree; and after taking testimony thereon, in the taking of which the defendant's counsel took no part, made and entered its order amending its final decree in said action so as to provide for the payment to the plaintiff of the sum of $50 monthly for the support and maintenance of the one of the children of the parties who still remained a minor, said sum being in addition to the sums required for clothing as required by the terms of said decree. In the body of said order the trial court found and recited that due and legal notice of the hearing of said motion had been duly given to said defendant as required by law.

Following the making and entry of said order the defendant made application for this writ of review, wherein the petitioner averred that the trial court acted beyond and in excess of its jurisdiction in the making and entry of its foregoing orders. In making this insistence the petitioner herein concedes that during the trial of said action for divorce, and up at least to the time of the entry of the final decree therein, the trial court had acquired full jurisdiction over both the person of said defendant and the subject matter of said action, including the right in said tribunal to make and enter its orders embraced in both the interlocutory and final judgment therein relating to the custody, care, support, and maintenance of the minor children of the parties to said action. The petitioner also substantially admits that in respect to the last-named content of said decrees the trial court, by virtue of the provisions of section 138 of the Civil Code, retained a continuing jurisdiction over the subject matter thereof to the extent that it might modify or vacate at any time thereafter during the minority of such children such order or orders as it might have embodied in its said decrees for the custody, care, education, maintenance, and support of such minor children. The petitioner, however, insists that such jurisdiction, while it continues over the subject matter provided for in said section 138 of the Civil Code, is not retained over the person of the defendant after the date of the making and entry of said final decree. The language of section 138 of the Civil Code is read into every decree of divorce which purports to deal with the care, custody and support of the minor children of the parties to the action, and this being so, whatever orders or decrees the trial court may make or enter in the premises are not in the nature of final judgments which determine the relation of the parties to each other, or to the action or to the subject matter over which the court has thus retained all of the jurisdiction which it had during every stage of the proceedings and pendency of such action. In the foregoing sense the trial court retained under said section of the Civil Code, so read into its orders and decrees, the same jurisdiction over the parties and the subject matter to which said section relates that it had and exercised prior to the making and entry of either its interlocutory or its final decree in said action. The

petitioner herein has referred us to no authority which is opposed to this conclusion, and we are satisfied that no such authority exists. It does not, however, follow that the trial court, which has acquired general jurisdiction over the parties to an action, may arbitrarily or *ex parte* make and enter either during the progress of the proceedings before it, or after its entry of a so-called final decree therein, orders and decrees adjudging the amount which defendant may be required to pay either in the way of alimony to his wife or in the way of the support of his minor children. Before such orders, which have the effect of money judgments and which are under the law enforceable by several drastic methods, can be made in an action for divorce or maintenance, some such sufficient notice must be given to the defendant as will amount to what is known as due process of law. This requisite notice must be such as shall find its warrant in the statutory procedure provided for the conduct of civil actions in order to give the court of record in which such actions are pending jurisdiction to make its several orders, judgments and decrees therein. Prior to the appearance of a defendant in an action he is required to be served with the process known as a summons, or in some cases as a citation; and in those actions wherein a judgment *in personam* is sought the service of such process must be personal and must provide for such reasonable notice as will enable him to have his day in court. When, however, such defendant has been thus served with process or has appeared in such action the statute provides other forms of notice in order to give the court jurisdiction to make and enforce its orders *pendente lite;* as, for example, when a defendant has appeared in an action and has come to be represented by an attorney of record therein, the statute, Code of Civil Procedure, section 1015, provides that the service of all papers, when required, must be upon the attorney instead of the party, with certain specified exceptions, such as service of writs, subpoenas or other process. In universal practice the service of notices of motions to be made during the process of an action is made upon the attorney of record in the action under the foregoing express provisions of the statute; and we can perceive no reason why the same provisions of the statute may not have application as well after as before the entry of a decree

of divorce which, in so far as it relates to the custody, care, and maintenance of the minor children of the parties thereto, is not a finality, but over whom, during their said minority as well as over their parents, the trial court retains a continuing jurisdiction which is as complete as that possessed by it prior to the entry of said final decree. The reason why this should be so is well set forth by the supreme court of Washington in the case of *Ruge* v. *Ruge*, 97 Wash. 51, 55 [L. R. A. 1917F, 721, 165 Pac. 1063, 1065], wherein it is stated: ''As it seems to us, the true basis upon which the power to modify the decree in these cases rests is that out of the marital relation springs a new relationship, viz., that of parent and child. Palpably neither executive edict, enactment of legislature, nor decree of court can change the relationship existing between parent and child. The courts may decree that the marital tie shall be absolutely severed and the parties be placed, so far as the law is concerned, in the same situation that they occupied prior to the solemnization of the marriage ceremony; but they cannot alter or modify the fact that a father is the parent of his offspring. This parental relationship, springing as it does from the relationship of marriage, is to this extent incident to the marital status. But the duty of the father, if he has means with which to do so, to support his infant children springs immediately from the parental relationship. As this relationship, incidental as it is to the marriage state, continues to exist after the status out of which it arose has been terminated, either naturally, as by death, or artificially, as by divorce, the duty incident to that continuing relationship still exists. The right of the wife to alimony arises immediately out of the marriage contract, but the right of the child to support at the hands of its parents springs from the incidental relationship which had its origin in marriage, to wit, that of parent and child. The court, therefore, acting upon this relationship as one of the things brought to it by the divorce action, has the power to modify or alter its decree so long as there are minor children under the protection of the court.''

We are thus brought to the inquiry as to what notice is by law required to be given to a defendant of an application for an order modifying the provisions of a final decree in a divorce action relating to the custody,

control, and support of the minor children of the parties thereto. We are of the opinion that those sections of the Code of Civil Procedure (part 2, title 14, chapters 4 and 5) which relate to the giving and service of notice of motions in civil actions would have application to such proceedings in said actions with relation to which the judgments and decrees of the trial court have not become a finality, but over which it retained by law or by the terms of such judgments and decrees a continuing jurisdiction. This would seem to be a rule of reason applicable to both of the parties to the action. ■■ Having thus concluded, the next question which arises is as to the person upon whom the service of such notice might be legally made. It would seem to be clear that if the party to the action, whether plaintiff or defendant, had ceased to be represented in the action by an attorney of record upon the entry of the judgment or final decree, the service of such notice would be required to be made upon the plaintiff or defendant, as the case might be, in person, in the manner and for the time provided in the provisions of the Code of Civil Procedure, to which reference has above been made; provided the party thus to be served was within the territorial jurisdiction of the court; but if, on the other hand, it should be made to appear that the person to be thus served with such notice was still represented in said action by an attorney of record therein, the foregoing sections of said code would seem to have application to such a situation so as to permit and provide for the service of such notices or other moving papers upon such attorney of record. Illustrations might be multiplied to show the reasonableness of such a rule as applied to such a situation. It is a matter of common knowledge that the parties to divorce actions frequently indulge in even more acute and acrimonious controversies after than before the entry of final decrees relating to the payment of alimony or to the care, custody and support of minor children, and that such controversies are in the main carried on through the procedure of motions for the enforcement or modification of previous orders and decrees; and that in such controversies the respective parties are represented by attorneys upon whom, rather than upon the parties themselves, all such

papers as notices of motions, affidavits, and counter-affidavits and other documents having relation to the controversy are served. It would seem to be almost a rule of necessity that it should be so, since otherwise the very party who had initiated a proceeding for the modification of a divorce decree in respect to the matters over which the court has continuing jurisdiction might betake himself beyond the boundaries of the state of California, and while from this safe position, directing the attack through his attorney, be immune from a counter-assault, because, forsooth, the moving papers of his adversary could not be served upon him. This court in dealing with the aspects of such a precise situation has recently decided that service upon a defendant's attorney of record in a proceeding pending before it for the enforcement of an order for maintenance would suffice to put him upon such notice of the making of such order as would put him in contempt for its disobedience. (*Shibley* v. *Superior Court,* 202 Cal. 738 [262 Pac. 332].) Having thus determined that under such circumstances as those above instanced the service of papers in a pending and undetermined matter before the trial court might be made upon the attorney of record of a party over whom the court had originally acquired full jurisdiction, it would seem to logically follow that the question as to whether such a party was represented in such a proceeding by an attorney of record would be a question of fact to be determined by the trial court upon the hearing of the motion, notice of which was predicated upon such service thereof. In the instant case, and upon such hearing, the trial court had presented to it conflicting evidence upon the question as to whether E. C. Ryker, the defendant's former attorney of record, still continued to be such up to and including the time of the service of said moving papers upon him.

The fact that the defendant presented his objection to the jurisdiction of the court to entertain such motion by other counsel and through a so-called special appearance did not divest the trial court of power to decide the question; and even if it committed an error therein it would be an error in the exercise of its jurisdiction and not in excess of it. For such an error the only remedy of the defendant would be by way of an appeal, and having such a remedy

a writ of review would not lie. (Code Civ. Proc., sec. 1068.)

The order is affirmed.

Shenk, J., Langdon, J., Waste, C. J., Curtis, J., Preston, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices present concurred.