[Civ. No. 10279.   Second Appellate District, Division Two.—September 19, 1935.]

MABEL P. ANDERSON et al., Appellants, v. CITY RAILWAY COMPANY et al., Respondents.

L. J. Styskal for Appellants.

Gibson, Dunn & Crutcher, Philip C. Sterry and Keith Bullitt for Respondents.

CRAIL, P. J.—This appeal is from an order granting defendants' motion for a new trial and is based upon the primary contention that a certain Mr. Doody was not the attorney of the plaintiffs authorized to appear for and bind the plaintiffs upon the hearing of said motion. At the calling of the case for trial, Mr. Doody appeared with Mr. Tapley on behalf of the plaintiffs and joined Mr. Tapley in a written stipulation on behalf of the plaintiffs for a judge *pro tempore* to preside at the trial. Thereupon Mr. Doody proceeded in the presence of the plaintiffs and without objection from them to try the case for the plaintiffs entirely alone. Judgment went for the plaintiffs. Thereafter the defendants made said motion for a new trial. At the hearing of this motion Mr. Doody appeared for the plaintiffs and argued and briefed the plaintiffs' opposition to the motion, without objection either from Mr. Tapley or the plaintiffs, and acted for the plaintiffs in every subsequent step taken in their behalf, including the filing of his affidavit that he was "one of the attorneys of record for plaintiffs" as a basis for procuring for them an extension of time for settlement of the transcript on appeal (subsequently abandoned) from the order granting a new trial, signed said notice of appeal in conjunction with Mr. Tapley as "attorneys for plaintiffs", and was specifically described by plaintiffs in writing as "attorney for plaintiff" when L. J. Styskal was subsequently substituted as attorney in place of Mr. Doody and Mr. Tapley. The plaintiffs now contend that Mr. Doody was not technically an "attorney of record" and that they are not bound by his appearance for them at the hearing on the motion for a new trial.

It will be observed that the merits of the order granting a new trial are not attacked on this appeal. ■ It is our decision that under the above set of facts the court and the defendants were entitled to assume that Mr. Doody was attorney for the plaintiffs and authorized to act in their behalf. (*Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4 [74 Pac. 352].) As said in the case of *Raskin* v. *Superior Court,* 138 Cal. App. 668 [33 Pac. (2d) 35]: "We will take judicial notice of the fact that in California it is, and for a long time has been, a general custom sanctioned by recognition of the courts for attorneys at law singly and by firms to employ attorneys at law to assist in legal work placed in their care, including appearances in court without the formality of being made attorneys of record." ■ While section 285 of the Code of Civil Procedure provides that when an attorney is changed, written notice must also be given to the adverse party, such notice is for the protection of the adverse party and may be waived by him. (*Livermore* v. *Webb,* 56 Cal. 489.) The party effecting the change cannot object to his own failure to give notice.

■ In line with the above contention the plaintiffs' first ground of appeal is that the court erred in making the order granting a new trial for the reason that the notice of hearing of said motion was not served on plaintiffs in accordance with section 661 of the Code of Civil Procedure. The answer is that Mr. Doody, the attorney for the plaintiffs, authorized to appear for them and bind them, appeared for the plaintiffs at the hearing of the motion for a new trial and the plaintiffs by so appearing waived notice of the hearing. (*Hammond Lumber Co.* v. *Bloodgood,* 101 Cal. App. 561 [281 Pac. 1101]; *Morel* v. *Morel,* 203 Cal. 417 [264 Pac. 760]; *Acock* v. *Halsey,* 90 Cal. 215 [27 Pac. 193].)

■ The plaintiffs next contend that the court erred in hearing the motion for a new trial on the thirteenth day of October or any day other than October 27th, the date which had been given by mail by the clerk of the court in accordance with section 661 of the Code of Civil Procedure. But, as already stated, the notice of the hearing was waived.

■ It is the plaintiffs' last contention that the court erred in making the order for the reason that no proof of service of the notice of intention to move for a new trial was of record

at the time the hearing of such motion was held. But this contention likewise is fully covered by what we have already said. The appeal is without merit.

Order affirmed.

Wood, J., and Fricke, J., *pro tem.*, concurred.