[Civ. No. 6711.   Third Dist.   July 27, 1942.]

MANUEL J. AVILA, Appellant, v. ROSE GERTRUDE LEONARDO et al., Respondents.

Hawkins, Hawkins & Cardozo for Appellant.

Nathan B. McVay and Theodore W. Martz for Respondents.

ADAMS, P. J.—This is an appeal from a judgment for respondents in an action wherein plaintiff sought to enjoin respondent Hogin, Sheriff of Stanislaus County, from paying over to respondent Leonardo certain moneys levied upon under execution issued upon a judgment in favor of said respondent Leonardo, plaintiff claiming an equitable set-off against said judgment.

In November, 1931, plaintiff and respondent Leonardo, who were then husband and wife, entered into a separation agreement wherein they settled their property rights, and also provided that the husband should have the custody of two of their four children and the wife the custody of the other two, plaintiff Avila to pay to his wife for the support of the two children in her custody, the sum of $20.00 per month and necessary doctor and hospital bills. The agreement further provided:

"But, if the party of the second part shall hereafter marry, then, in that case, she shall care, support and maintain said Anthony Avila and Edward Avila at her own cost and expense and save and hold harmless the party of the second part from his obligation to maintain and care for said chil-

dren, and his obligation to pay $20.00 per month for their care, support and maintenance shall cease."

It also recited:

"Both parties to this agreement have had the benefit of disinterested advice of legal counsel and understand the provisions of this agreement relating to the care, custody and control of the minor children of the parties hereto are only binding upon the parties hereto as between themselves, and the State has the right to demand of the parties hereto or either of them support and maintenance different and other than that herein provided for, and the Court has the right to provide for other custody than that herein provided for."

Thereafter Avila began a divorce action against his wife. In the prayer thereof he asked the court to make an order requiring him to pay $20 per month to defendant for the care of the two minor children, and in addition thereto necessary expenses of illness. There was no request that such order should provide for the termination of such payments on the remarriage of defendant. After trial the court granted a divorce to plaintiff. Findings of fact were made which recited that "plaintiff and defendant have settled their property rights by a written instrument in the preparation and execution of which the defendant had the aid of independent legal counsel." Said findings then set out the property belonging to the parties as stated in their property settlement, and further recited that plaintiff had agreed to pay to defendant the sum of $20 per month for the care, support and maintenance of the two children Anthony and Eddie, and all sums of money that might be necessary for doctors' bills and any other bills connected with their sickness. Nothing was said as to a termination of these payments on the remarriage of defendant. As conclusions of law the court said that plaintiff was entitled to a divorce from defendant on the ground of extreme cruelty; that "said contract is fair, just and should be ratified and approved"; that the property of the parties should be awarded in accordance with the terms of said contract; that the custody of two of the children should be granted to plaintiff, and of the other two to defendant; and that plaintiff should pay to defendant for the support of the children awarded to her the sum of $20 per month, and expenses of any sickness.

The interlocutory decree thereafter entered adjudged "that the property settlement executed between the parties to this action should be and the same is hereby approved and con-

firmed.'' It was not made a part of the decree. The property of the parties was divided in accordance with the agreement; the custody of the children Anthony and Eddie was awarded to defendant, and plaintiff was ordered to pay to defendant $20 per month for their support and maintenance on the first of each and every month. It is significant that the court did not limit that payment by any reference to the remarriage of defendant. The final decree of divorce thereafter entered followed the language of the interlocutory decree.

Thereafter defendant married one Leonardo, and plaintiff ceased to make payments to her. Subsequently plaintiff, in a proceeding on order to show cause, sought a modification of the decree of divorce so that he would not be compelled to pay any sum whatsoever to defendant, setting up and relying upon the provisions of the separation agreement releasing him from liability in the event of defendant's remarriage. In a counter affidavit Mrs. Leonardo sought the custody of all of the children of the marriage and an increased amount for their support. The court denied the applications of both parties. No appeal was taken from that order. A subsequent application of Mrs. Leonardo for modification of the decree was also denied by the court ''without prejudice.''

In 1939, plaintiff being then in arrears to defendant in the sum of some $1,400, Mrs. Leonardo secured the issuance of an execution under which the sheriff levied upon a debtor of plaintiff, and took into his possession some $400. Avila then began the present action seeking to enjoin the defendant sheriff, and praying for an order that plaintiff owed the defendant Leonardo nothing. In his complaint plaintiff recited the provisions of the divorce decree that he should pay the sum of $20 per month for the support of the children to his wife, but contended that the obligation in said judgment had been and was compensated by the obligation of defendant Leonardo to save and hold him harmless from such payment in the event of her remarriage, as set forth in the separation agreement. The insolvency of Mrs. Leonardo was also alleged as ground for the interposition of a court of equity.

Defendants answered, specifically denying that plaintiff's obligation to pay the $20 per month to defendant Leonardo was compensated by an obligation on her part to hold plaintiff harmless upon her remarriage. After trial of the issues the court made findings of fact in which it was recounted that in the divorce action plaintiff's complaint made no mention of

the termination of payments to defendant on her remarriage, but, on the contrary, his prayer was that he pay her the said sum of $20 per month; also that in the divorce decree no mention was made of the termination of such payments on the remarriage of defendant. The refusal of the court to relieve plaintiff of further payments when he applied for such relief after the remarriage of defendant was also recited. As conclusions of law it was held that the said property settlement agreement did not deprive the divorce court of jurisdiction to make provision for the support of the minor children, that in executing it the wife did not forfeit the claim of the minor children for support, that her remarriage did not terminate the payments ordered to be made under the interlocutory and final decrees, and that the provision of the property settlement wherein defendant Leonardo agreed to save and hold plaintiff harmless from such payments upon her remarriage is not an offset against the amount due her by virtue of the divorce decree. Judgment for defendants was entered accordingly.

The contention of appellant herein is that as defendant Leonardo remarried and thereafter performed her agreement and supported the children for several years and then became insolvent, a court of equity should declare as an equitable set-off against the judgment her liability for breach of contract of indemnity to save him free from liability for support of the children after her remarriage. He argues that the case does not involve the question of the rights of the parents to limit or abridge the authority of the court to make provision for the minor children of the parties; that should the defendant thereafter be financially unable to care for or support said minor children she may obtain and enforce an order requiring plaintiff to care for them, but that in such case plaintiff would be entitled to be reimbursed by her if and when she became financially able to respond to her obligation to save and hold plaintiff harmless; that if plaintiff is forced to pay this judgment he will then have a claim against defendant for breach of her warranty of indemnity to hold him free from liability, and that the amount of the "damages" for breach of that contract will be exactly the amount plaintiff would be compelled to pay on execution of the judgment; that defendant Leonardo is insolvent and plaintiff would be unable to collect any judgment against her, and if an injunction will not lie defendant will have been permitted by a court of equity to take advantage of her own

wrong to plaintiff's damage. He admits that if the separation agreement does abrogate the power of the court to make provision for the support of minor children it is unlawful and to that extent void. He cites cases dealing with equitable set-off, summarizing the holdings therein to be that the right of set-off exists when parties hold cross-demands under such circumstances that in equity they should be applied one against the other to the extinguishment of both, and asserts that the facts of this case bring it strictly within the rule of equitable set-off, defendant being admittedly insolvent.

Respondent, on the other hand, contends that the court in rendering its decrees in the divorce action undoubtedly intended to provide for the support of the children in terms at variance with those of the separation agreement; that insofar as the agreement is at variance with the express order of the court it is void; and that to uphold appellant's contention would mean that the broad powers of the courts with respect to the support of minor children could be thwarted by the subterfuge of an indemnity provision in a separation agreement of the parents and a setting off of the obligation of the father under the order of the court against the asserted obligation of the mother under such an agreement.

It is to be noted that plaintiff herein, when he claims a right to set off cross-demands, admits his liability to pay the amount awarded to defendant under the divorce decree; likewise he admits an arrearage in the sum of some $1,400; but while admitting his own dereliction he asks the interposition of a court of equity to set off against his admitted debt to defendant Leonardo her assumed liability to hold him harmless, and all this while admitting, as stated in the agreement itself, that the state has the right to demand of the parties or either of them support and maintenance different and other than that provided for in the agreement and for custody other than that provided for therein.

We are of the opinion that the holding of the trial court was right. ■ The authority of the court in a divorce action to make necessary orders for the maintenance and support of the minor children of the marriage is conferred by statute, and its exercise cannot be limited or abridged by the parties. (9 Cal. Jur. 803, § 144; *Lewis* v. *Lewis*, 174 Cal. 336, 341 [163 Pac. 42]; *Wilson* v. *Wilson*, 45 Cal. 399; *Karlslyst* v. *Frazier*, 213 Cal. 377 [2 P. (2d) 362]; *Adams* v. *Adams*, 2 Cal. App. (2d) 173 [37 P. (2d) 729]; *Merritt* v. *Merritt*, 106

Cal. App. 234 [289 Pac. 240]; *Evans* v. *Evans,* 154 Cal. 644, 645 [98 Pac. 1044].)

In *Fernandez* v. *Aburrea,* 42 Cal. App. 131 [183 Pac. 366], an agreement had been entered into between the parties in which Mary Fernandez discharged Aburrea of all obligations he might have toward her and their unborn child. Subsequently plaintiff began this action to compel defendant, as the father of her illegitimate child, to support it. Defendant relied upon the release, but the court held that, assuming that the agreement included an undertaking by plaintiff to relieve defendant of his obligation to support his child, it would have no binding force or effect, for it is settled law in this state that a minor's right to support by its father may not be limited or contracted away by its parents; and that so much of the agreement as purported to release the father was void.

In *D'Arcy* v. *D'Arcy,* 89 Cal. App. 86, 91 [264 Pac. 497], it was said, also, that the authority of the court in a divorce action to make necessary orders for the support of the minor children of the marriage is conferred by statute and its exercise cannot be limited or abridged by the parents; and that an agreement of the parties insofar as the minor children were concerned was void.

▆▆ Appellant recognizes that lack of power of the parties to abridge the power of the court, as held in the foregoing cases, but refuses to admit that the provisions of their separation agreement attempting so to do are void. He argues that the cases above cited are distinguishable from the instant case because here the wife agreed to hold the husband harmless from his obligation imposed by the order of the court, and that they could make such an agreement as between themselves without abridging the power of the court to provide for the support of the children; and that at least as to unpaid installments her assumed liability should be set off against the amount accrued, as this would not affect the rights of the children for support, they having already been supported by the mother.

This argument is specious but unsound. If plaintiff can set off the assumed liability of the wife against the installments now accrued he can defeat the collection of all future installments by the simple expedient of refusing payment as they became due, and, offsetting the assumed liability of the wife thereafter as he seeks to do here. Such an evasion of the law and the orders of the court cannot be countenanced. Nor can a court of equity assist a husband who comes into it ad-

mitting that he has failed to obey the valid orders of that court. The very nature of plaintiff's action assumes cross-demands of the parties, and a valid demand on the part of the wife. (23 Cal. Jur. 220.)

Appellant relies upon section 159 of the Civil Code, but it has no application here. ■ Section 139 of the Civil Code provides that the remarriage of a former wife does not affect the duty of a father to provide for the maintenance of the children of his marriage. This language is read into every decree of divorce which purports to deal with the care, custody and support of minor children. (*Moore* v. *Superior Court*, 203 Cal. 238 [263 Pac. 1009]; *Rosher* v. *Superior Court*, 9 Cal. (2d) 556, 560 [71 P. (2d) 918].) It entered into the decree in the instant case and the trial court recognized it when it declined to provide therein that the obligation of Avila to support his minor sons should terminate upon the remarriage of their mother. It was recognized by the parties to the separation agreement when they provided therein that both parties thereto understood that the state has the right to demand of either of them support and maintenance different and other than that provided in such agreement. After the decree was entered the rights of the parties rested upon it and not upon the agreement, and it cannot be argued successfully that the contract herein was made a part of the decree in toto. While, as hereinbefore stated, the court did state in its conclusions of law that the contract was fair and just and should be ratified and approved, and that the property of the parties should be awarded in accordance with its terms, it did not make it a part of its decrees; on the contrary it made specific provision therein contrary to the agreement insofar as the payment for support of the minor sons was concerned. It has so construed its own decree in declining to modify it at the request of plaintiff to relieve him of his obligation after the remarriage of defendant.

■ There is a further reason why plaintiff may not resort to the set-off claimed and that is that the decree of the court could not be modified as to accrued installments. In *Keck* v. *Keck*, 219 Cal. 316 [26 P. (2d) 300], where, on an order to show cause, the trial court set off against accrued installments of alimony, an alleged debt of the wife to the husband, the court held that the marital duty of the husband to support the wife was not suspended because the wife was indebted to

him, and that the obligation to pay alimony is founded on this duty and is not an ordinary debt; also that a decree for alimony may not be modified as to accrued installments and that the set-off had that effect, the divorce decree having been silent as to any indebtedness of the wife to the husband. In the case before us plaintiff attempted, on an order to show cause, to have the order for payment to defendant for the support of the minor sons, terminated because of the provision of the separation agreement relied upon here. This request was denied. Plaintiff cannot be granted in this collateral attack upon the divorce decree, the relief heretofore denied him upon the same grounds. (*Snyder* v. *Snyder*, 219 Cal. 80 [25 P. (2d) 403].)

The judgment is affirmed.

Thompson, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied August 26, 1942, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1942.