[L. A. No. 17925. In Bank. Feb. 16, 1943.]

HELENE LOUISE REYNOLDS, Respondent, v. JACOB GEORGE REYNOLDS, Appellant.

Freston & Files, Gordon L. Files and Ralph E. Lewis for Appellant.

Leonard Comegys for Respondent.

TRAYNOR, J.—An interlocutory judgment of divorce, entered on October 24, 1933, gave custody of the two minor children to the wife and ordered defendant to pay $40 monthly for their support. A final judgment was entered on October 29, 1934. The pleadings on behalf of defendant and the stipulation to set the case for trial were signed "Loucks and Phister, Attorneys for Defendant." On October 30, 1940, plaintiff's attorney mailed to Loucks and Phister an order to show cause and notice of motion for modification of the interlocutory decree to increase the allowance from $55 per month to which it had previously been raised, to $116

per month. The affidavit of service states that these papers were "addressed to the attorneys of record for said defendant at the office address of said attorneys, as follows: Loucks and Phister . . . San Pedro, California." An affidavit shows that copies of the papers were also sent by registered mail to the defendant at Fort Des Moines, Iowa, where he was then stationed as an officer of the United States Army. Attached to this affidavit is á registry return receipt signed by defendant acknowledging delivery in Iowa on November 4, 1940. On the day appointed for a hearing, a special appearance was made by defendant's counsel of record on these appeals for the sole purpose of objecting to the jurisdiction of the court on the grounds that defendant, a nonresident, had not been personally served with notice within this state, that E. O. Loucks had not been counsel for defendant for more than three years, and that service by mail upon his firm was ineffective. In an affidavit filed in support of this objection defendant stated that E. O. Loucks did not represent him after April 7, 1937, and that he wrote to Loucks on October 20, 1937, discharging him as his attorney. An affidavit by Loucks fully corroborated defendant's affidavit and stated that on October 31, 1940 (the day on which the notice of motion presumably was received), Loucks wrote plaintiff's counsel that his relationship as attorney for defendant officially terminated in October, 1937. The court ruled that it had jurisdiction, and the hearing on the motion was continued. When the matter again came on for hearing defendant offered affidavits showing that although the name "Loucks and Phister" had been signed to the pleadings in the case in 1934, E. O. Loucks was in fact the only person whom defendant had authorized to represent him, and that the firm of Loucks and Phister had dissolved in February, 1937. The trial court refused to consider these affidavits and after the overruling of renewed objections to the jurisdiction of the court, defendant's counsel took no further part in the proceeding. The court heard plaintiff's testimony and granted the motion, and the first of the present appeals was then taken. Plaintiff thereupon made a motion for an order requiring defendant to pay her $650 to defray costs and attorney's fees on the appeal from the support order. This notice was served upon Freston and Files, the attorneys who appeared specially at the hearing of the previous motion and who took the appeal from the support order. At the hear-

ing on the motion for attorney fees, Freston and Files again appeared specially to object to the jurisdiction of the court and presented an affidavit that they had no authority to do more. The court ruled that it had jurisdiction, and counsel took no further part in the proceedings. The court granted the motion, and defendant's second appeal followed.

The first question is whether the service of the notice and order to show cause upon the attorneys who represented the defendant in the divorce action was valid as a service upon attorneys then of record. After appearance in an action a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. (Code Civ. Proc., § 1014.) Section 1015 of the Code of Civil Procedure provides: "When a plaintiff or a defendant, who has appeared, resides out of the State, and has no attorney in the action or proceeding, the service may be made on the clerk or on the justice where there is no clerk, for him. But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party" except certain papers not here involved. This provision is clearly constitutional, for it is established that the Legislature may provide that once the court has jurisdiction over the subject matter of a proceeding and over the person of the party affected, it may bind such person by orders made after he has left the state. (*Adam* v. *Saenger,* 303 U.S. 59 [58 S.Ct. 454, 82 L.Ed. 649] ; *Michigan Trust Co.* v. *Ferry,* 228 U.S. 346 [33 S.Ct. 550, 57 L.Ed. 867].) It is conceded that the court secured jurisdiction over the defendant in the divorce action in 1933 involving the custody and maintenance of minors, and since it has continuing jurisdiction to change from time to time its orders for their support (Civ. Code, §§ 138, 139), it follows that a party cannot avoid such jurisdiction by discharging his attorney and moving out of the state. (*Moore* v. *Superior Court,* 203 Cal. 238, 242-245 [263 P. 1009].)

Defendant contends that it is a question of fact whether a party has an attorney within the meaning of section 1015 of the Code of Civil Procedure, and that if the evidence shows conclusively that the attorney has been discharged service of notices upon him is ineffectual for any purpose. The facts parallel in all essential respects the facts

in the Moore case, where the court set forth reasons that convincingly support the validity of the service in the present case. The court stated, however, that it would seem to be a question of fact whether a party was represented in such a proceeding by an attorney of record. This statement was unnecessary to the decision, for the proceeding was in certiorari and the holding was that even if the trial court had committed error a writ of review would not lie. A client may of course discharge his attorney at any time (see 3 Cal.Jur. 628, 635), but during the course of a proceeding service of papers on the attorney of record, where service upon the attorney is proper, binds the client until the attorney is discharged or substituted out of the case in the manner provided by law. (*Grant* v. *White,* 6 Cal. 55, 56; *Scarpel* v. *East Bay Street Rys.,* 42 Cal.App.2d 32 [115 P.2d 862].) The court is concerned in such cases not with whether the client is represented by an attorney, but whether he has an attorney of record, whether any change in attorneys has been made as provided in section 284 of the Code of Civil Procedure, and whether notice thereof has been given as provided in section 285 of that code. The authority of an attorney, however, ordinarily ends with the entry of judgment, except for the purpose of enforcing it or having it set aside or reversed. (See 3 Cal.Jur. 668.) Nevertheless the judgment of divorce insofar as it relates to the custody and maintenance of minor children is not final. As to those matters the litigation must be regarded as still pending (*Rosher* v. *Superior Court,* 9 Cal.2d 556, 560 [71 P.2d 918]; *Lamborn* v. *Lamborn,* 190 Cal. 794 [214 P. 862]; *Avila* v. *Leonardo,* 53 Cal.App.2d 602, 608 [128 P.2d 43]), and the provisions of section 1015 apply as well after as before the entry of the judgment. (*Moore* v. *Superior Court,* 203 Cal. 238, 242 [263 P. 1009]; see 78 A.L.R. 370, 376.) The attorney of record is the person the client has named as his agent upon whom service of papers may be made. The statutes informed defendant that if he had no attorney of record the clerk of the court became his agent for the purpose of service. The burden lay upon the defendant to keep an attorney of record or to make such arrangements for notice with the clerk as he thought advisable. (See *Washington ex rel. Bond & Goodwin & Tucker* v. *Superior Court,* 289 U.S. 361 [53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653].) If defendant had noted his discharge of Loucks in the rec-

ord, plaintiff could have made service on the clerk of the court. The record, however, showed Loucks and Phister as counsel, and the court and opposing counsel were entitled to rely thereon until it was changed in the manner prescribed by law.

The service on Freston and Files of the notice of motion for allowance of attorneys' fees and costs on appeal was also valid. They appeared specially to challenge the jurisdiction of the court on the first motion and filed a notice of appeal from the order granting that motion. Upon a proper showing plaintiff is entitled to suit money to present her side on appeal and be represented by counsel. (*Lamborn* v. *Lamborn*, 190 Cal. 794 [214 P. 862]; *Parker* v. *Parker*, 22 Cal. App.2d 139 [70 P.2d 1003].) Defendant appointed Freston and Files to represent him in that appeal, and they may be regarded as his attorneys instead of Loucks and Phister under section 1015 of the Code of Civil Procedure for the service of papers with respect to the appeal, for it is clear not only that plaintiff may waive defendant's failure to follow the prescribed procedure in the substitution of attorneys, but that defendant cannot object to his own remissness. (*Gill* v. *Southern Pacific Co.*, 174 Cal. 84 [161 P. 1153]; *Anderson* v. *City Ry. Co.*, 9 Cal.App.2d 205 [48 P.2d 969].)

Defendant contends for the first time on appeal that the judgment of the trial court was entered in violation of section 200 of the Soldiers' and Sailors' Civil Relief Act of 1940. (54 Stat.L. 1180; U.S.C.A. Title 50, App. § 520.) That section provides in part as follows: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and

the court shall on application make such appointment.'' This section is designed to protect a defendant in military service who does not appear, by insuring the appointment of an attorney to represent him. It does not apply, however, when, as in the present case, the defendant has appointed his own attorneys to protect his interest. There is no ''default of any appearance'' in such a case even though the defendant chooses to make only a special appearance to contest the jurisdiction of the court and therefore limits the authority of his attorneys to that issue. If that course proves ineffective he can hardly contend that he was not represented by counsel. There is nothing in the Soldiers' and Sailors' Civil Relief Act requiring the court to disregard the appointment of attorneys by the defendant and the course of action he decides upon and to appoint another attorney to embark upon another course of action on defendant's behalf. (See, *A Manual of Law for Use by Advisory Boards for Registrants Appointed Pursuant to the Selective Training and Service Act of 1940,* as amended (2d ed.) Compiled by the Committee on War Work of the American Bar Association, 38-71; 130 A.L.R. 775.)

The orders appealed from are affirmed.

Gibson, C. J., Shenk, J., Curtis, J., and Carter, J., concurred.