[No. B173810. Second Dist., Div. Eight. Sept. 29, 2004.]

In re Marriage of LISA and THOMAS KREISS.
THOMAS KREISS, Appellant, v.
LISA KREISS, Respondent.

COUNSEL

Trope and Trope, Thomas Paine Dunlap and Sorrell Trope for Appellant.

No appearance for Respondent.

OPINION

**RUBIN, Acting P. J.**—Thomas Kreiss appeals from the court's postjudgment order refusing to enforce a discovery stipulation. We reverse.

## FACTS AND PROCEDURAL HISTORY

Thomas and Lisa Kreiss married in June 1998. They had one child, Cameron, born in June 1999. In September 2003, the trial court entered a judgment of dissolution, ending their marriage. The court awarded Thomas sole legal and physical custody of Cameron, and permitted Lisa monitored visitation several days a week. The custody order also permitted Lisa to take Cameron on two one-week monitored vacations a year to visit her mother in Michigan.

In January 2004, Lisa wanted to take Cameron to visit her mother. Five months earlier in August 2003, Lisa had moved into a drug and alcohol rehabilitation facility and, even though she had planned to be there only 30 days, was still living there when she sought permission for the trip to Michigan. Because Thomas believed Lisa's mental health and ability to care for Cameron had deteriorated in the preceding months, he requested appointment of a professional monitor to accompany Lisa and Cameron on their vacation. In support of the appointment, Thomas asked for discovery of Lisa's psychiatric records from UCLA Neuropsychiatric Hospital. He based his discovery request on a joint stipulation Lisa and he had signed during their divorce proceedings allowing mutual discovery of psychological evidence. Their stipulation, which the court entered as its own order, stated: "Both parties waive any privilege they may have or contend to have with respect to any mental health professionals or other therapists or medical providers with whom they have consulted or by whom they have been

treated, from June of 1998 *through the pendency of this action.* This includes any professionals who have consulted with or treated either or both parties, together or separate, from June of 1998 *through the pendency of this action . . . ."* (Italics added.)

Citing the italicized language, Lisa refused to abide by the stipulation. She argued no action was pending because the final judgment of dissolution had ended the proceedings between her and Thomas. The trial court sustained her position, finding the stipulation had expired upon entry of the judgment of dissolution. Thomas appeals from the court's order denying him discovery.[1]

## DISCUSSION

Thomas contends *In re Marriage of Armato* (2001) 88 Cal.App.4th 1030 [106 Cal.Rptr.2d 395] (*Armato*) governs this appeal. *Armato* involved modification of a child support order after entry of a judgment of dissolution. The validity of the modification turned on whether the matter remained "pending" after the trial court had entered a judgment of dissolution. The appellate court observed that "pendency" means different things in different circumstances; for child support, a case remained pending while the child was a dependent minor. (*Id.* at pp. 1043, 1045–1046.)

■ The trial court here knew of *Armato,* but concluded it applied only to child support orders. Thomas contends the trial court read *Armato* too narrowly in refusing to apply it to custody orders. We agree. *Armato* explained that a family law court retained jurisdiction, and thus a family law case remained pending, in order to let the court monitor the child's welfare. (*Armato, supra,* 88 Cal.App.4th at pp. 1045–1046.) *Armato*'s reasoning applies with equal, if not greater force, to custody orders: support orders involve money, but custody determines where, and with whom, the child lives. Moreover, the authorities *Armato* relied upon drew very little, if any, distinction between support and custody. For example, *Armato* quoted *Moore v. Superior Court* (1928) 203 Cal. 238, 242–243 [263 P. 1009] in stating, " '[T]he entry of a decree of divorce . . ., in so far as it relates to the custody, care, and maintenance of the minor children . . . is not a finality, but over whom, during their said minority as well as over their

---

[1] After briefing ended, Lisa petitioned the trial court to modify its custody and visitation order. In support of her motion, Lisa filed the declaration of her treating psychiatrist. The declaration claims Lisa's improving mental state justifies letting her spend more time with Cameron under fewer restrictions. Thomas argues the declaration waives any claim by Lisa to continued confidentiality of her mental condition. We grant Thomas's request that we take judicial notice of the declaration, and note in passing, without deciding, that Thomas's argument seems well taken. Be that as it may, we decide this appeal based on the argument raised in Thomas's brief.

parents, the trial court retains a continuing jurisdiction which is as complete as that possessed by it prior to the entry of said final decree. . . .' " (*Armato*, at p. 1041, italics omitted.) And later in its opinion, the *Armato* court again quoted the California Supreme Court, stating, " 'the judgment of divorce insofar as it relates to the custody and maintenance of minor children is not final. As to those matters the litigation must be regarded as still pending . . . '." (*Armato, supra,* at p. 1043, quoting *Reynolds v. Reynolds* (1943) 21 Cal.2d 580 [134 P.2d 251], italics omitted.) We thus find *Armato* stands for the proposition that in child support *and custody* matters, the family court has continuing jurisdiction, and thus the matter remains pending, even after the court enters a judgment of dissolution.

## DISPOSITION

The order refusing to enforce the discovery stipulation between Thomas and Lisa Kreiss is reversed. Appellant Thomas Kreiss to recover his costs on appeal.

Boland, J., and Flier, J., concurred.