No. 22,051.

JOHN SMITH, *Appellee,* v. DORA SMITH et al., *Appellants.*

SYLLABUS BY THE COURT.

1. DECREE OF DIVORCE—*Provision for Support of Minor Children—Provision Continues During Minority Only—Ejectment.* In an action by a father to recover from his children the possession of real estate, the rents and profits of which under a decree of divorce had been set aside for the support of the minor children, the provisions of the former decree are considered, and *held,* that the children's rights to the rents and profits ceased when the youngest child attained majority, and that the father is now entitled to the possession of the land.

2. SAME — *Period of Minority of Females — Statute Not Retroactive.* Chapter 184, Laws of 1917 extending "the period of minority . . . in males and females to the age of twenty-one years," did not change the status of one who had already reached the age of majority under the former law.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed April 12, 1919. Affirmed.

*S. J. Shively,* and *W. L. Joyce,* both of Paola, for the appellants.

*B. J. Carver,* of Paola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: John Smith sued to recover possession of 27.65 acres of land in Miami county. The defendants are his former wife and their children. His interest in the land was acquired by a deed from his parents executed in 1895, which gave him only a life estate, with remainder to his children. In 1902 his wife, Dora Smith, obtained a divorce from him in the district court of Miami county. The decree awarded the custody of the minor children to the wife and, after setting aside to her a smaller tract of land, gave the rents and profits of the lands

now in controversy for the support and education of the minor children, with a provision that the wife should have the care, management, and control of the lands, to use or rent for and in behalf of the minor children until the youngest should become of age, and in case of the death of the wife during the minority of the children, then the guardian should control the lands for them. This action was brought shortly after the youngest child attained her majority, and the controversy turns upon the proper interpretation of that portion of the decree in the divorce action relating to the children's interest in the rents and profits of the land belonging to John Smith.

The court sustained the contention of the plaintiff and held that the children's right to the rents and profits ceased when the youngest child attained majority, and that the father is now entitled to the possession of the land during the remainder of his life. The defendants bring the case here for review.

The provision for the children in the decree of divorce, reads:

"The court further orders and decrees that the minor children . . . shall during the life of the defendant have all rents and profits of (describing the land) not heretofore given to the plaintiff, and that plaintiff shall have the care, management and control of said lands with power to use or rent the same for and in behalf of said minor children until the youngest of said children shall become of age."

The district court was correct in construing the provisions of the decree. The only interest John Smith had in the land was during his life, and we think it is obvious that the words "during the life of the defendant," were not intended as fixing the time the rents and profits should be used for the support of the children, and that, on the other hand, the words "until the youngest of said children shall become of age" were intended to limit the time during which the court intended to give them the rents and profits. The words "during the life of the defendant" were probably used as indicating the utmost extent of the period during which the court's order could affect the land, because in case of his death the children were to take the entire estate, whether they were minors or not. The nature of the case, the situation of the parties, and the circumstances, are against the construction which would take the whole life estate from the father and transfer it to the children, to whom the fee was to pass at his death. Such an intention ought not

to be assumed from doubtful expressions in a journal entry so inaptly worded.

The attorney for the wife in the divorce case, who drew the journal entry, was called as a witness and asked what his understanding was as to the purpose and intention of the court. It was objected to as incompetent, "and attempting to impeach this decree, which is unambiguous and plain·upon its face." The court stated: "I am going to let Mr. Lane answer the question." The witness answered: "My purpose in writing that in that way was to get this land for the children and the wife just as long as the court would possibly let them have it." He was then asked to state if he remembered anything the court said in relation to the time, and, over objections, the court permitted him to answer. His answer was: "I think—my recollection is that this decree as written was—except the interlineation made by the judge, was based upon the court's statement as to what the order of the court would be." Afterwards, the defendants called one of their attorneys, who had represented the husband in the divorce case, and he was asked to state whether or not it was the intention of the court to give the rents and profits to the children during their father's lifetime. The court sustained an objection to the question. It is claimed that it was error to admit the testimony of the first attorney, and also that it was error not to admit the testimony of the other attorney. The defendants have no reason to complain of the admission of the testimony of the attorney who drew the journal entry; whether it was admissible or not, it was quite favorable to defendants' contention. What the other attorney would have testified is not shown, nor was it produced on the motion for a new trial, and the defendants cannot rely upon any claim of error in sustaining the objection. (Civ. Code, § 307; *Scott v. King,* 96 Kan. 561, 567, 152 Pac. 653.) The interpretation of the former decree was for the court alone, and while the court might have heard the testimony of an attorney or other person who was present at the former trial, to assist in arriving at the correct interpretation, the presumption is that any irrelevant or incompetent testimony was not permitted to affect the decision. The court instructed the jury that the interpretation of the decree in the divorce case was a question of law for the court, not for the jury, and that under the decree defendants were entitled to the

use and possession of the land in question until the youngest child became of age, and at the expiration of that time, the possession and use of the land reverted to the plaintiff. As this, in our opinion, is the correct interpretation of the former decree, the admission or rejection of evidence could not have prejudiced the defendants.

There is a contention that the action was prematurely brought, because the record shows that the defendant, Nettie Smith, became eighteen years of age in September, 1915, and that by reason of the enactment of section 1 of chapter 184 of the Laws of 1917, extending the period of minority in females to the age of twenty-one years, the period of her minority was extended. The point is not well taken. The act of 1917 is not retroactive and was not intended to change a status which had been already fixed by the previous law.

The judgment is affirmed.