No. 22,121.

EDITH L. KELLY, *Appellee,* v. WILLIAM J. T. KELLY, *Appellant.*

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Support of Minor Children—Evidence—Decree.* The evidence examined, and held sufficient to sustain a decree of divorce on the grounds of extreme cruelty and gross neglect of duty, and to justify a small monthly award of alimony and for support of minor children who were given into the custody of the plaintiff.

2. SAME—*Decision of Trial Court.* No error arises in a divorce action where the question of alimony is decided offhand, although the matter of the divorce itself is taken under advisement for ten days, and then granted.

3. SAME—*Power of Court to Provide Support for Minor Children.* In a divorce action, where the welfare of minor children is concerned, the trial court's power in dealing with the property of the parents is necessarily very broad, and unless that power is obviously abused, the disposition made of that property for the care of the children will not be disturbed on appeal.

4. SAME — *Case Remanded for Enforcement of Judgment.* Parties remanded to trial court for enforcement of payment of arrears of alimony and support; attorney's fees, etc., allowed; judgment affirmed.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed June 7, 1919. Affirmed.

*J. S. Ensminger,* of Topeka, for the appellant.

*J. E. Addington,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The district court of Shawnee county granted to the plaintiff a divorce from her husband. She was also awarded the custody of the minor children of the parties and given $15 per month as alimony and for support of the children; and the title to the homestead, a $400 house and lot, was vested in the plaintiff as trustee for the use and benefit of the minor children; and subject to application to the court and, with its leave first obtained, the plaintiff, as trustee, was given power to sell, mortgage or rent the property for the use and benefit of the children, in such manner as the court may decree —"it being the intention of this court," says the decree, "that the property be held for the benefit of said children only, or if sold, the proceeds to be held in the same manner and for the same purposes."

It is contended that the testimony did not prove defendant's extreme cruelty and gross neglect of duty. This action was plaintiff's fifth attempt, within two or three years, to obtain a divorce from defendant. The first three actions were compromised, abandoned, or dismissed. The fourth was tried to a conclusion on March 26, 1918, and plaintiff was defeated. On the evening of the same day, the ill-matched pair returned to their abode, but instead of setting about the reënshrinement of their *lares* and *penates,* reshaping their marital conduct in mutual forbearance—"in honor preferring one another"—their angry hostility, which had been adjourned in court, was immediately renewed at their own fireside. Defendant took special umbrage at part of the testimony which plaintiff had given at the trial, and felt particularly aggrieved about a statement of plaintiff which had been published in a local newspaper. There was no resumption of marital harmony, and a few weeks later this action was begun.

The evidence in this case tended, in part, to show that defendant was a gambler, improvident, quarrelsome, and violent, and neglectful of his wife and children; it was partly shown that he was a thief, and under investigation by the postal authorities, and that he was disposed to inculcate dishonesty in his children. Mayhap the testimony as to defendant's shortcomings was magnified or untrue; as to that, the judgment of the trial court—not ours—must control. On the face of the record, however, it cannot be denied that the findings are supported by the evidence. (*Putnam v. Putnam,* 104 Kan. 47, 56, 177 Pac. 838.)

Passing for the moment the trial court's disposition of the property, this court discerns no error in the decree awarding plaintiff the custody of the minor children, nor in the allowance of $15 per month as alimony and for the children's support.

No semblance of error is disclosed in the fact that the trial court decided the question of alimony at one time and took the question of granting a divorce under advisement for about ten days, and thereafter granted the divorce.

Fault is found with the trial court's disposition of the property. The house and lot were given to plaintiff as trustee during the minority of the children, and for their use and benefit. It is only for the use and benefit of the children that the property may be sold, mortgaged, or rented, and even in any such case the trial court has reserved to itself full control of the matter. Leave of court must first be had before disposing of the property or renting it, and the sanction of the court is requisite to dispose of the proceeds or income. Counsel for defendant contend that the court had no power to take his property from him and confer it absolutely upon his children. Very true. The court did not do so. It created a trusteeship during the children's minority and for their benefit. This is authorized by section 672 of the civil code (Gen. Stat. 1915, § 7580). In a divorce case, where the welfare of minor children is involved, the trial court's power in dealing with the property of parents is necessarily very broad, and unless that power is obviously abused, its exercise will not be disturbed on appeal. As we construe the decree, if the property is not exhausted during the children's minority, with the approval of the court and by its order, the trusteeship will then be terminated, and the title

will revert to its status prior to the date of the decree. (*Smith v. Smith*, 104 Kan. 629, 180 Pac. 231; *Emery v. Emery*, 104 Kan. 679, 180 Pac. 451.)

During the pendency of this appeal, plaintiff filed a motion for an allowance of attorney's fees, for the expenses of preparing her brief and counter-abstract, to require payment of arrears of monthly allowances of alimony, and for support of the children. Affidavits of the parties on these matters have been duly considered. It appears that because of nonpayment of the alimony and support allowances, and because of her poverty, plaintiff was constrained to place her three smaller children in her mother's care on a farm in Oklahoma. Defendant ignores this apparent necessity, and says that this temporary disposition of the children frustrates that part of the trial court's decree which gave defendant permission "to visit said children one day each week by leaving said children with him, away from his home." As to the enforcement of the allowances for alimony and for the support of the children, the plaintiff should seek redress in the trial court. An attorney's fee of fifty dollars and twenty-five dollars for preparing the counter-abstract and brief are allowed to plaintiff, and the judgment is affirmed.