Argued May 27; affirmed June 17; rehearing denied July 15, 1941

# STATE ex rel. WEINGART v. KIESSENBECK
## KIESSENBECK v. KIESSENBECK
### (114 P. (2d) 147)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Barge Leonard,* of Portland (Crandall & Leonard, of Portland, on the brief), for appellant.

*Neal R. Crouse,* of Portland, for respondent.

This is an appeal from an order construing an annulment decree as directing the defendant to pay $30 per month for the support of the child of the parties until the child should reach the age of 21, and requiring performance of the decree as thus construed.

In 1933 the supreme court, by mandate, directed the circuit court of Multnomah county to enter a decree annuling the marriage of the parties hereto, awarding to plaintiff custody of the minor child and directing that the defendant pay to the plaintiff the sum of $30 per month for the support and maintenance of said child. *Kiessenbeck v. Kiessenbeck,* 145 Or. 82, 26 P. (2d) 58.

In January, 1935, pursuant to the mandate, the circuit court entered a decree in part as follows:

"ORDERED, ADJUDGED AND DECREED that defendant be and is hereby required to pay into this Court toward the care and support of said minor child the sum of $30.00 each and every month during the minority of said child, or until further order of this Court,  *  *  *."

At the time of the entry of the decree the statute provided that female persons should be deemed to have reached their majority at the age of 18 years, (O. C. 1930, § 33-501), and at that time the child of the parties was under 18 years of age. Shortly after the entry of the decree, however, and in February, 1935, the legislature amended the statute so as to read as follows:

"In this state any person shall be deemed to have arrived at majority at the age of twenty-one years, and thereafter shall have control of his or her own actions and business, have all the rights, and be subject to all

the liabilities, of a citizen of full age; provided, that all female persons who have arrived at the age of eighteen years before the taking effect of this act shall be deemed to have arrived at majority, anything in this act to the contrary notwithstanding." (Effective June 12, 1935) 5 O. C. L. A., § 63-501.

In July, 1938, upon motion and affidavit of plaintiff, the state being "added as a party plaintiff," (2 O. C. L. A. § 11-504), the court ordered defendant to show cause why he should not be held in contempt for failure to make the required payments. The supporting affidavit showed the age of the child as 17, alleged knowledge by the defendant of the terms of the decree, and his ability but refusal to pay. Thereafter, the court made an order finding the defendant in default and continuing the matter without date upon certain conditions.

On June 18, 1939, the child became 18 years of age. In September, 1939, the plaintiff moved the court for an order setting the time for further hearing upon the pending contempt proceeding. A supporting affidavit recited that the child "is still a minor now of the age of eighteen years," that she resided with the plaintiff, was unemployed, and that defendant was able but willfully refused to pay. The court ordered further hearing, whereupon the defendant moved for an order finding him to have fully complied with all of the terms of the decree "and that he be discharged from any further liability whatsoever." By supporting affidavit the defendant alleged that the child had reached her majority on June 18, 1939, her eighteenth birthday. On March 25, 1940, the court entered an order in part as follows:

"The above entitled matter having heretofore come on for hearing upon the motion of the plaintiff and the motion of the defendant * * *,

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the defendant has wholly failed to comply with the decrees and orders herein for the payment of the sum of $30.00 per month due for the support of the said female child subsequent to said June 18th, 1939; and,

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED That said defendant shall pay to the clerk of the above entitled court the sum of $30.00 per month for the support of said child for each and every month commencing on June 19th, 1939, and continuing until said child shall arrive at the age of twenty-one years, to-wit: June 18th, 1942."

In said order of March 25, 1940, the trial court construed the original decree as requiring defendant to pay support money until the child reached 21, and required the defendant to comply with that decree as construed. From this order defendant appeals.

BRAND, J. The question presented for decision is whether the original decree, properly construed, requires the defendant to pay for the support of the child until she reaches the age of 21, having in mind the fact that when the decree was entered she was under 18 at which time the statutory age of majority was 18, and the further fact that after the decree, but before she became 18, the age of majority was fixed by statute at 21.

The defendant contends that vested rights in the defendant were created by the original decree and that the holding of the trial court, requiring him to pay after the child reached the age of 18, deprived him of property without due process of law. He asserts that the court improperly gave retroactive effect to the statute fixing the age of majority at 21 and that such application would render the act unconstitutional. He

asserts further that he has fully discharged his liability for the support of the child by paying until she became 18 years of age.

■ It must be conceded at the outset, and in general terms, that a judgment is personal property, giving rise to vested rights which the legislature cannot, by retroactive law, either destroy or diminish in value. *Roles Shingle Co. v. Bergerson*, 142 Or. 131, at 136, 19 P. (2d) 94; 15 R. C. L. 577, § 9; *Hodges v. Snyder*, 261 U. S. 600, 603, 67 L. Ed. 819, 43 S. Ct. 435.

■ The same may be said of many, but not all decrees in equity. 16 C. J. S. p. 690, n. 63. It remains, however, to determine the characteristics of a judgment or decree which give to it the effect of a vested right. The first and essential quality of such a judgment or decree is that it be a final determination of the rights of the parties.

"A judgment is the law's last word in a judicial controversy. It may be defined as the final consideration and determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding." 30 Am. Jur. 821, § 2.

The rule is more accurately stated by Freeman, who says:

"The legislature cannot set aside a judgment, nor can it empower any court to set aside a judgment which had been rendered and had passed beyond the control of the court prior to the passage of the act; * * *." 1 Freeman on Judgments, (5th Ed.) 395, § 204.

The defendant relies upon the case of *Livingston v. Livingston*, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600, as supporting his contention that a decree awarding alimony may create a vested right. With that decision we need express no disagree-

ment. At the time of the entry of the decree in that case the jurisdiction of the New York court in divorce matters was conferred wholly by statute, and there was then "neither inherent power in, nor authority conferred by the Code upon, the court to modify the judgment." After the divorce decree a statute was enacted authorizing the court "at any time after final judgment, whether heretofore or hereafter rendered, to annul, vary, or modify such a direction." The court said: "Concededly, prior to this amendment the jurisdiction of the court terminated with the final judgment in divorce actions, * * *." It was held by a four to three decision that the plaintiff's claim to alimony, as fixed in the original decree, had become a vested right, and that the amendment could not be applied retroactively so as to authorize the court to reduce the award. Later New York cases, decided under amended statutes, have adopted a more modern and humane rule and such decrees are no longer deemed to create vested rights. *White v. White*, 154 App. Div. 250, 138 N. Y. S. 1082.

The Livingston case is distinguishable in this, that prior to the original decree in the case at bar, the Oregon statute provided: "At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have the power to set aside, alter or modify so much of the decree as may provide for * * * the nurture and/or education * * *" of minor children. 2 O. C. L. A. § 9-915. The same section provides, however, "that such decree shall be a final judgment as to any instalment or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same; * * *."

■ It is firmly established, both by statute and decision, that a decree for future payments of support

money for the benefit of a child of the parties becomes a final judgment as to each instalment only upon the accrual date thereof. Minor children remain the wards of the court which decreed the divorce and are not bound by any decree as to the source or extent of their maintenance. The court retains the power at any time after rendition of the decree, upon proper notice and showing, to modify such orders as to unaccrued instalments. 2 O. C. L. A. § 9-915.

■ It is significant that the courts of one state do not accord full faith and credit to judgments of a sister state unless the judgment is a final adjudication in full force in the state where rendered, capable of being there enforced by final process, and, where a decree of divorce relating to maintenance is subject to modification by the court rendering it, the full faith and credit clause does not require its enforcement in another state. *Levine v. Levine*, 95 Or. 94, 187 P. 609. How then can such a judgment be thought to create a vested right?

■ It cannot be said that the original decree, which required defendant to support his minor child during the minority of said child, "or until further order of the court," gave him a vested right to be immune to the further order of the court. The leading case on this subject appears to be *Rosher v. Superior Court of Los Angeles County*, 9 Cal. (2d) 556, 71 P. (2d) 918. In that case the plaintiff received a divorce decree in December, 1923, with the custody of the minor child and an order for the payment of support money for the child, "said payments to continue until said minor child shall arrive at the age of majority." In April, 1927, the court modified the order by increasing the amount of the monthly payments, omitting the words, "said payments to continue until said minor child shall

arrive at the age of majority," and substituting the words, "continuing thereafter until the further order of this court, * * *." (See statement of facts same case (Cal.) 62 P. (2d) 1384.) At the time of the decree and of the modification, the age of majority was fixed by statute at 18 years. In July, 1927, the statute raised the age of majority to 21 years. In 1932 the child became 18 years of age. The court said:

"It is settled that the power of the court to make and modify orders for the support of minor children under section 138 of the Civil Code is independent of any reservation of authority in the original decree; that proper provision for their support may be made at any time during the period of minority; that the propriety of the provision to be made is to be determined in the light of the circumstances existing at the time the application is made; and that even an agreement by the mother that she would not ask for such an order cannot bar the child's right to apply for an order for proper support. Lewis v. Lewis, 174 Cal. 336, 163 P. 42. Such an order cannot, therefore, be considered a judgment in the sense of its being a final adjudication of the rights and duties of the parent and the minor child. It was not intended to, and does not operate to, crystallize or limit the duty of the parent to support his minor child, but merely defines the extent of his duty during the life of the order. Dixon v. Dixon, 216 Cal. 440, 14 P. (2d) 497; Sherer & Co. v. Indus. Acc. Comm., 182 Cal. 488, 188 P. 798; Lewis v. Lewis, supra; Watkins v. Clemmer, 129 Cal. App. 567, 19 P. (2d) 303; So. Cal. Edison Co. v. Indus. Acc. Comm., 92 Cal. App. 355, 268 P. 415. In Moore v. Superior Court, 203 Cal. 238, 263 P. 1009, 1011, it is said: 'The language of section 138 of the Civil Code is read into every decree of divorce which purports to deal with the care, custody, and support of the minor children of the parties to the action, and, this being so, whatever orders or decrees the trial court may make or enter in the premises are not in the nature of final judgments which determine the relation of

the parties to each other, or to the action or to the subject-matter over which the court has thus retained all of the jurisdiction which it had during every stage of the proceedings and pendency of such action.' It follows that it cannot be said that any vested right with regard to his duty to support or care for his minor children is acquired by a divorced parent as a result of the divorce decree or custody orders made in connection therewith. Hence no such right is impaired by holding that the entry of a divorce decree or the making of a custody or support order does not operate to limit the petitioner's liability to his minor child to the period of minority fixed by statute at the time of the entry of the decree or order. In the absence of any such decree, his obligation would continue throughout the extended period of minority. The divorce decree and support order neither separately nor in conjunction constitute a permanent and final adjudication of the extent of his obligation to support his minor child.''

This case is directly in point and disposes of any contention by the defendant that vested rights have been impaired by the order of the trial court.

■ Nor can it properly be claimed that retroactive effect is given to the Oregon statute which extended the age of majority from 18 to 21 years. When that statute was enacted the child of the parties was under 18 years of age. Her status as a minor at the time of the enactment of the statute was not changed, and the only direct effect of the statute was to extend the period of minority from one date in the future to a subsequent date in the future. As said in Rosher's case, supra:

''The statutory amendment operates prospectively to extend the period of minority of a child who has not reached majority at the time it becomes effective. Indeed, it is not and could not be contended that the period of minority was not extended by the amendment for purposes other than the termination of the father's obligation under the order.''

Where a trial court has actually entered a final judgment and lost jurisdiction, it may reasonably be argued that a subsequent statute, authorizing a resumption of jurisdiction, should not be given retroactive effect. Such was the situation in the Livingston case, supra. Such an act operating directly on the court might constitute a legislative invasion of judicial power. *McCullough v. Virginia,* 172 U. S. 102, 43 L. Ed. 382, 19 S. Ct. 134. But in the case at bar, there is no statute which revived or directly affected the jurisdiction or determination of any court. It acted prospectively on the status and thereby created for the future a change of condition upon which the decree was to operate and over which the court had never lost jurisdiction.

The defendant cites the case of *Kendall v. Kendall,* 122 Cal. App. 397, 10 P. (2d) 131, wherein the District Court of Appeals of California, in a case squarely in point, held that the amendment of section 25 of the Civil Code could not be applied retroactively so as to impair existing rights, and that the father's right to have his liability cease, when the minor reached the age of majority fixed by statute at the time the judgment was rendered, was one of the fruits of the judgment and vested in him a property right. The Kendall case was expressly overruled in *Rosher v. Superior Court,* supra.

Reliance is also placed by defendant upon the case of *Blethen v. Blethen,* 177 Wash. 431, 32 P. (2d) 543. That case is distinguishable. It appears from the opinion that during the pendency of an action for divorce the parties entered into a stipulation for a property settlement contingent upon a divorce being granted, the terms of which settlement were embodied in the decree. "It provided for the payment

of permanent alimony to the appellant * * * as to which provisions jurisdiction was not retained by the court.'' The stipulation made separate provision for the minor child of the parties as to which provision jurisdiction was retained by the court. After the decree the defendant moved for a modification of the amounts awarded to the plaintiff, and the court made an order reducing said payments. Upon appeal it was held that the decree for alimony to the wife created in her a vested property right, and the original award in favor of the wife was reinstated. The court, however, expressly stated that the continuing jurisdiction of the lower court as to the minor child was not disturbed.

There is a fundamental distinction between a holding to the effect that a property settlement, based on contract and approved by the court, creates a vested right on the one hand, and a holding to the effect that an order for the future payment of support for a minor child creates a vested right on the other.

The binding effect of a property settlement, based on contract and approved by the court, has been recognized by this court, which has also, without inconsistency, affirmed the power to alter decrees for the support of minors. *Taylor v. Taylor*, 154 Or. 442, 60 P. (2d) 942; *Geis v. Gallus*, 130 Or. 619, 278 P. 969.

The defendant also cites *Nahorski v. St. Louis Electric Term. Ry. Co.*, 310 Mo. 227, 274 S. W. 1025. In that case it became material to determine whether the plaintiff was a minor at the time of her suit for damages. The age of majority was fixed by statute at 18, and, while that law was in effect, the plaintiff reached her eighteenth birthday and thereby became of full age. After her eighteenth birthday the statute was amended to provide as follows: ''All persons of the

age of twenty-one years shall be considered of full age for all purposes, * * * and until that age is attained they shall be considered minors." The court held that having already reached her majority under the existing law, she should not be reduced to the status of a minor by the retroactive application of the new statute. To have held otherwise might have established a rule which would throw doubt upon the validity of many contracts executed by persons who were of full age at the time of the transactions but were reduced to minority retroactively by the later statute. No such result is conceivable in the case at bar, and the Nahorski case, together with others of similar type, (*Smith v. Smith*, 104 Kans. 629, 180 P. 231) are not in point.

There being no invasion of vested rights and no encroachment by the legislature upon judicial power by retroactive legislation, the only remaining question is one of construction.

The decree of the trial court directed the defendant Kiessenbeck to pay the sum of $30 each and every month during the minority of said child, or until further order of the court. The mandate of the supreme court, which the trial court must have intended to adopt, is even more general. It directed that the defendant pay the sum of $30 per month "for the support and maintenance of said child."

Upon the issue of the construction of the decree, the defendant relies upon *Springstun v. Springstun*, 131 Wash. 109, 229 P. 14, 40 A. L. R. 595. The situation in that case was identical to that in the case at bar. The court said:

"It is our opinion that the appellant has fully performed the decree. The language of the decree is

that the appellant shall make the monthly payments 'during the minority' of the daughter. The statute then in existence limited minority to the time the minor reached the age of 18 years. Seemingly, therefore, the decree is as definite and certain in that respect as it would have been had the decree expressly named the 18th year of the minor as the date of its expiration.''

This case was considered by the California supreme court and the construction adopted by the Washington court was rejected. We also reject it. As said in Rosher's case, supra, ''Such orders must be considered to have been made in the light of section 138 of the Civil Code, which empowers the court to provide for the minor child during the period of minority, and also in the light of the power of the state to change the period of minority.'' The court added that the order, ''in the absence of words of definite limitation in time, must be construed as continuing until majority or until changed circumstances require or render proper the granting of an application for modification.''

■ In view of the record and of the manner in which the case was entitled, it might well be argued in the case at bar that on March 25, 1940, the court, upon motion of the defendant and after hearing, exercised its reserved power to make a further order for support until age 21, regardless of the construction to be placed upon the original decree. See *Blethen v. Blethen,* supra, and *State ex rel. Brookfield v. Mart,* 135 Or. 603, 610, 283 P. 23, 25. But we rest our decision squarely upon the proposition that the original decree, properly construed, would require defendant to provide support until such time as the child should reach her majority. In view of the amended statute she never reached her majority until she became 21.

In the case of *Gelfert v. National City Bank of New York,* decided in the United States Supreme Court on April 28, 1941, 313 U. S. 221, 61 S. Ct. 898, 85 L. Ed. 1299, 133 A. L. R. 1467, the court said: " 'Not only are existing laws read into contracts in order to fix obligations as between the parties, but the reservation of essential attributes of sovereign power is also read into contracts as a postulate of the legal order.' " If this can be said by the High Court concerning contracts, surely it may likewise be applied in construing a decree of divorce in which continuing jurisdiction is retained by the court.

■ The paramount concern of the court is not with the defendant, nor with the plaintiff. The decree should be liberally construed in the interest of the child, whose nurture and education during minority is of concern to the state.

The order of the court requiring defendant to continue payments until his child reaches the age of 21 years is affirmed, with costs to the plaintiff.