PER CURIAM.
This matter is before this court on appeal from an order modifying a final decree of divorce as to custody and support, only, of the two minor children.
It appears from the record on appeal' that this matter of modification as to custody and support was before the lower court on several occasions. The trial court plainly stated that the case had been before him so many times he felt that he was more familiar with the parties’ financial affairs than they were. In the latest petition for modification, after taking testimony, the trial court found that there had been no substantial changes in circumstances since the previous adjudications on former petitions for modification, and that the defendant-father was paying about all he could afford. A time limit was also fixed, setting the terminal point for support of the older boy at June 30, 1969 and for the other boy at June 29, 1970. These two dates occur before the minor boys reach their majority. It is possible that circumstances may not warrant a continuation of support after the specified dates, but we believe the trial court abused or exceeded his authority in predetermining what circumstances might exist after said terminal dates and before said boys reach their majority.
It is discretionary with the trial court as to whether any allowance should be made to defray college expense, with many factors entering into the question, one being whether the child is college material or not. These factors as well as others will continue to exist until a dependent child reaches his or her majority and must be determined by the court periodically when and if the needs arise and shall be dependent also upon the father’s financial ability to supply such needs.
For these reasons, that portion of the decree appealed from fixing the amount of support money to be paid by the father *685 is affirmed but to the extent that said decree precludes further support after the specified times therein fixed, the same is reversed, and the appellant may be permitted to initiate proceedings for further support if changes in circumstances arise warranting the same.
Affirmed in part; reversed in part.
Petition for attorney’s fees is denied.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.