### Esther T. Vicino *v.* Gerard A. Vicino

| Superior Court | Hartford County | File No. 168552 |
| --- | --- | --- |

Memorandum filed October 6, 1972

*Robert Satter,* of Hartford, for the plaintiff.

*Gerard A. Vicino,* pro se, the defendant.

SADEN, J. A final decree of divorce was entered on April 27, 1972 (*Bordon,* state referee), providing in part for the support of minor children as follows: "$100 a month for the support of . . . Dianne . . . during her minority and $100 a month for the support of said minor child Robert . . . ."

The defendant husband, pro se, now seeks to terminate the support orders for Dianne and Robert because both have reached eighteen years of age. He argues his claim on the basis of Public Acts 1972, No. 127, "An Act to Grant Full Rights and Privileges to Eighteen Year Olds," which provides in § 1 that "[e]xcept as otherwise provided by statute, on and after the effective date of this act" (which was October 1, 1972), a "minor" is deemed a person under eighteen years of age.[1]

The question presented for decision is whether Public Act No. 127 in effect automatically terminates every order entered by the Superior Court prior to October 1, 1972, for the support of a minor child who has on October 1, 1972, attained eighteen years. The answer is found in § 83 of the act, whose broad language provides that nothing in the act shall impair any "right accruing, accrued or acquired, or an obligation . . . incurred prior to the effective date of

---

[1] "[Public Acts 1972, No. 127] Section 1. Except as otherwise provided by statute, on and after the effective date of this act, the terms 'minor,' 'infant' and 'infancy' shall be deemed to refer to a person under the age of eighteen years and any person eighteen years of age or over shall be an adult for all purposes whatsoever and have the same legal capacity, rights, powers, privileges, duties, liabilities and responsibilities as persons heretofore had at twenty-one years of age, and 'age of majority' shall be deemed to be eighteen years."

this act."[2]  All civil or criminal matters pending on that date in which such rights or obligations are involved "may be continued . . . in accordance with the provisions of the law in force at the time" such rights or obligations were accruing, accrued, acquired or incurred.

It is difficult to interpret the language of § 83 in any manner except as seeking to avoid retroaction in the application of the new act where substantive rights are involved.  If there were any doubt about the intent of its language, reference to the minutes of the house of representatives for April 13, 1972, would dispel it.  H.R. Proc., 1972 Sess., p. 2077.  The substitute senate bill 97 which later became Public Act No. 127, as amended by senate amendment schedule A, was brought to the floor of the house for debate after passage by and transmission from the senate.  Representative Webber of the 113th assembly district, who was charged with the presentation of the bill in the house, moved the acceptance of the joint committee's favorable report as amended by the senate amendment, and passage of the bill.  In the course of explaining the language of the bill he said, among other things: "At the same time—and this is very important, ladies and gentlemen—this bill provides that nothing which had heretofore been done on the basis of the present age of the majority

[2] "[Public Acts 1972, No. 127] Sec. 83. Nothing in this act shall impair or affect any act done, offense committed or right accruing, accrued or acquired, or an obligation, liability, penalty, forfeiture or punishment incurred prior to the effective date of this act, and the same may be enjoyed, asserted and enforced, as fully and to the same extent and in the same manner as they might under the laws existing prior to said date, and all matters civil or criminal pending on said date or instituted thereafter for any act done, offense committed, right accruing, accrued, or acquired, or obligation, liability, penalty, forfeiture, or punishment incurred prior to said date may be continued or instituted under and in accordance with the provisions of the law in force at the time of the commission of said act done, offense committed, right accruing, accrued, or acquired or obligation, liability, penalty, forfeiture or punishment incurred."

of 21 years shall be impaired. This means, for example, that court decrees in effect before the effective date of this act providing for the support of minors shall apply until the age of 21." Representative Rose of the 69th assembly district joined Representative Webber in this presentation, and the bill as amended passed.

An examination of the minutes of the debate in the senate on April 6, 1972, fails to indicate any contrary intent, only passing reference being made to the question of support in comments of Senator Strada, who presented the bill for consideration without more than a brief general statement that "support statutes" would not require child support beyond eighteen. S. Proc., 1972 Sess., p. 1057. Senator Strada did not cover the question of retroactivity, nor did he advert to § 83 of the bill, now § 83 of the act. (The bill, incidentally, as it appeared on the floor of both houses was 80 pages of closely typed language consisting of 3795 lines in the highly unreadable format of offset typing now used for all legislative bills.)

Reference to legislative history is corroborative but not essential because the language of Public Act No. 127 itself is clear. Nonetheless, in any event the court can take judicial notice of the discussion on the floor of the General Assembly. *Harris* v. *Planning Commission,* 151 Conn. 95, 100.

At the time Judge Bordon entered the decree and used the terms "minor" and "minority," he had reference to the then existing law covering every person up to the age of twenty-one. It is of course true that the decree was final for some purposes when entered, but for the purposes of custody, care and education of the children it remained pending (General Statutes § 46-23), and an order can be annulled or varied at any time thereafter. Similarly,

on the question of support of minor children (General Statutes § 46-26) the court is empowered, upon "the dissolution of any marriage by divorce . . . or . . . subsequent to the granting of a decree of divorce," to make and enforce a support decree that it considers just. Thus a support decree must be considered "pending" before the court at all times during a child's minority.

Child support is a substantive right created at common law, modified by statute and granted in the court's discretion toward a just end. *White* v. *White,* 138 Conn. 1, 5; *Castagnola* v. *Fatool,* 136 Conn. 462, 467. Statutes affecting substantive rights are not applied retrospectively to pending actions unless the contrary clearly appears. It requires specific and unequivocal language to make such a statute operate retrospectively. *Michaud* v. *Fitzryk,* 148 Conn. 447, 448; see *Reese* v. *Reese,* 136 Conn. 191, 194; *Middletown* v. *New York, N.H. & H.R. Co.,* 62 Conn. 492, 497.

In the instant case we have an existent support money order, but the rule does not necessarily rest on this alone. A fundamental right of support for a minor child is involved, and the new act does not abridge that right as to pending actions.

The situation here is not strictly analogous to the language found in *Humphrey* v. *Gerard,* 83 Conn. 346, 353, cited by the plaintiff, where the court speaks of vested rights already created by a judicial decree which is a "final judgment." Such a judgment cannot be disturbed by subsequent legislation. The matter before us involves not so much a "final judgment" in the latter sense as a substantive right created by common law and statute that remains in existence during the minority of a child or until common law and statute are changed by a later statute. We find no intention in Public Act No. 127 to

limit the rights of child support previously existing insofar as actions pending prior to October 1, 1972, are concerned. It does, however, affect new divorce and child support cases originating on October 1, 1972, and thereafter, for support sought covering periods subsequent to that date. But until the minors in the present case reach the age of twenty-one, § 46-26 of the General Statutes will remain effective as to this action, and a parent will be responsible for the support of his minor children, who will be considered minors until they are twenty-one for the purposes of support under § 46-26. This of course does not affect in this case the right of either the plaintiff or the defendant to seek a modification under § 46-26 for reasons other than the enactment of Public Act No. 127, if the facts warrant such a modification.

For the reasons indicated, the defendant's motion to terminate the support orders for his two eighteen-year-old minor children is denied.