515 P.2d 1199

**Hugh P. V. RUHSAM, Appellant,**

v.

**Joan M. RUHSAM, Appellee.**

**No. 2 CA–CIV 1429.**

Court of Appeals of Arizona, Division 2.

Nov. 14, 1973.

Rehearing Denied Dec. 5, 1973.

**102**

Brown & Wyss, by Ray C. Brown and James B. Wyss, Tucson, for appellant.

Johnson, Hayes & Dowdall, Ltd., by John R. Even, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The subject of this appeal is a post-divorce order directing appellant to continue child support payments for his three children until each "of the said children reaches the age of twenty-one or become emancipated by marriage, or dies." It was appellant's position that the recent legislative change in the age of majority to eighteen years of age relieved him of an obligation to support his children beyond such age.

The parties were divorced in 1970 and incorporated into the decree and made a part thereof was a 1969 agreement regarding their property and children. The agreement provided that appellant was to pay $100 per month support for each of the three children of the parties until "each of said children is emancipated by marriage, majority or by the death of each such child." The age of majority at the time of the agreement was twenty-one years of age. In August, 1972, the legislative change in the age of majority (from 21 to 18, with certain exceptions not appli-

cable) became effective. Appellant ceased payment of support for one child who was born in November, 1953, believing he was no longer obligated to support this child since he had achieved majority by legislative fiat. Appellee then instituted show cause proceedings, alleging that as of August 1, 1972, appellant failed to pay child support in the amount of $100. A hearing was duly held at the conclusion of which the order appealed from was entered.

The question before us is whether the 1972 amendment of A.R.S. § 1–215(14)[1] terminated an order entered prior to August 13, 1972, for the support of a child who had attained the age of 18 years. Other jurisdictions which have considered the question have reached different conclusions. Since this question is one of first impression in this state, we believe a discussion of the rationale of other state decisions is appropriate.

The appellate courts of the State of Kentucky have distinguished between situations where the duty of support was predicated upon a contract between the parties and those where it was not. In the case of Young v. Young, 413 S.W.2d 887 (Ky. App.1967), the divorce decree made no mention of child support and the court held that in the absence of a contract, there was no duty to support beyond 18, the new age of majority, notwithstanding the age of majority at the time of the decree was 21. In the case of Blackard v. Blackard, 426 S.W.2d 471 (Ky.App.1968), the court held that since there was no evidence of an intent that payments would continue to 21, the then fixed age of majority, there was no duty to support beyond 18 years. In the case of Wilcox v. Wilcox, 406 S.W.2d 152 (Ky.App.1966), the parties' agreement provided for support until the child reached the age of majority. The court held that in order to construe the agreement, it was necessary to ascertain the parties' intention at the time it was entered into. It concluded that since the statute,

---

1. A.R.S. § 1–215(14) provides:
   " 'Majority' or 'age of majority' as used in reference to age of persons means the age of eighteen years or more."

providing that the age of majority was 21, was in effect at the time of the contract and became a part of it, the word "majority" meant 21. In Collins v. Collins, 418 S. W.2d 739 (Ky.App.1967), a like conclusion was reached. *See also,* Kirchner v. Kirchner, 465 S.W.2d 299 (Ky.App.1971); Worrell v. Worrell, 489 S.W.2d 817 (Ky.App. 1973).

The Tennessee Supreme Court in the 1972 case of Garey v. Garey, 482 S.W.2d 133, was called upon to construe a divorce decree incorporating a property settlement agreement which provided for support of a child "until 21 years or is otherwise emancipated". The court held that the change in the age of majority from 21 to 18 constituted emancipation of the child from parental control and therefore the parents were relieved of a duty to support beyond the age of 18.

A similar divorce decree was involved in the case of Mason v. Mason, 84 N.M. 720, 507 P.2d 781 (1973). The decree provided for support for the minor children "during the respective minority of said children or until they earlier become married or otherwise emancipated". The New Mexico Supreme Court stated that it would be inclined to follow the *Kirchner* and *Collins* holdings if the parties' agreement referred to "minority" alone. It analyzed the parties' agreement:

" . . . Clearly this language cannot be said to be synonymous with twenty-one years of age, or to imply an intent on the part of the parties that the payments on behalf of each child should continue until that child attained the age of twenty-one years.

Minority, in the sense of our concern here, is a legal status conditioned primarily upon age. [Citations omitted]. However, the existence of this status is not conditioned entirely upon age, and certainly not in the sense in which it was used in the stipulation. It is clear that the parties intended plaintiff should be responsible for support payments on behalf of a particular child only so long as

the child should remain unmarried or otherwise unemancipated and then only until he or she attained the age of majority. It was plaintiff's duty under the law to support his children during their minority. [Citations omitted]. However, marriage and other conditions may earlier emancipate a child from his or her status of minority, and thus relieve a parent from the legal obligation of support before the age of majority is attained by the child." 507 P.2d at 784.

The court held that two of the children were emancipated by the statutory revision of the age of majority and therefore, the father was relieved by the express language of the parties' agreement from making further support payments to the mother on behalf of these two children.

In the cases of Rosher v. Superior Court, 9 Cal.2d 556, 71 P.2d 918 (1937) and State v. Kiessenbeck, 167 Or. 25, 114 P.2d 147 (1941), the question arose as to the effect of a statutory amendment raising the age of majority from 18 to 21 years. In each case the court held that the father's obligation to support did not terminate at age 18. In *Rosher,* supra, the court rejected the father's argument that he had a vested right to be immune from payment of support:

"It is settled that the power of the court to make and modify orders for the support of minor children under Section 138 of the Civil Code is independent of any reservation of authority in the original decree; but proper provision for their support may be made at any time during the period of minority; that the propriety of the provision to be made is to be determined in light of the circumstances existing at the time the application is made; and that even an agreement by the mother that she would not ask for such an order cannot bar the child's right to apply for an order for proper support [Citation omitted]. Such an order cannot, therefore, be considered a judgment in the sense of its being a final adjudication of the rights and duties of the parent and the minor child. It

was not intended to, and does not operate to, crystallize or limit the duty of the parent to support his minor child, but merely defines the extent of his duty during the life of the order. [Citations omitted] . . . . It follows that it cannot be said that any vested right with regard to his duty to support or care for his minor children is acquired by a divorced parent as a result of the divorce decree or custody orders made in connection therewith. Hence no such right is impaired by holding that the entry of a divorce decree or the making of a custody or support order does not operate to limit the petitioner's liability to his minor child to the period of minority fixed by statute at the time of the entry of the decree or order. . . ." 71 P.2d 920.

The claim that retroactive effect was being given to the statutory amendment was rejected by the Oregon Supreme Court in *Kiessenbeck*, supra:

"Nor can it properly be claimed that retroactive effect is given to the Oregon statute which extended the age of majority from eighteen to twenty-one years. When that statute was enacted the child of the parties was under 18 years of age. Her status as a minor at the time of the enactment of the statute was not changed, and the only direct effect of the statute was to extend the period of minority from one date in the future to a subsequent date in the future. . . ." 114 P.2d at 151.

In the case of Shoaf v. Shoaf, 282 N.C. 287, 192 S.E.2d 299 (1972), a consent judgment entered when the age of majority was 21 provided that "payments for child support shall continue until such time as said minor child reaches his majority or is otherwise emancipated." Subsequently the age of majority was reduced to 18. The North Carolina Supreme Court held that the father's liability for support terminated when his son reached 18 years of age.

■ Majority or minority is a status rather than a fixed or vested right and the legislature has full power to fix and change the age of majority. Valley National Bank v. Glover, 62 Ariz. 538, 159 P. 2d 292 (1945). The legal term "majority" is defined:

"Majority is the age at which the disabilities of infancy are removed, and hence a person who has reached his majority is entitled to the management of his own affairs and to the enjoyment of civic rights." 42 Am.Jur.2d Infants § 1.

■ There are no vested property rights in the personal privilege of infancy. In re Davidson's Will, 223 Minn. 268, 26 N.W.2d 223 (1947). The age at which one reaches his majority, becomes emancipated, and acquires the right to manage his own affairs free from parental control, is a legislative function. Courts are without power either to raise or lower the age so fixed —their power to require a father to support his minor child arises because of his legal duty to provide that support.

■ A.R.S. § 1–215(14) makes no exception as to child support orders or agreements effected prior to its enactment.[2]

---

2. The California legislature, on the other hand, has expressly preserved certain child support orders and agreements. In August, 1973, § 25.1 of the Civil Code was amended to read as follows:

"The Legislature intends that any use of or reference to the words 'age of majority', 'age of minority', 'adult', 'minor', or words of similar intent in any instrument, order, transfer, or governmental communication whatsoever made in this state:

(a) before March 4, 1972, shall make reference to persons 21 years of age and older, or younger than 21 years of age, and

(b) on or after March 4, 1972, shall make reference to persons 18 years of age and older, or younger than 18 years of age. Nothing contained herein or in Chapter 1748 of the Statutes of 1971, shall prevent the amendment of any court order, will, trust, contract, transfer, or instrument to refer to the new 18-year-old age of majority where such court order, will, trust, contract, transfer, or instrument is:

(1) In existence on March 4, 1972;

(2) Subject to amendment by law and where amendment is allowable or not prohibited by the terms thereof; and

(3) otherwise subject to the laws of this state."

We note that the legislature did make certain exceptions when it lowered the age of majority from 21 to 18 years:

"Sec. 88. Any person under the age of twenty-one who, on the effective date of this act, is under commitment to or is subject to conditional release from the department of corrections shall remain subject to the authority of the department in the same manner as if the provisions of this act had not taken effect.

Sec. 89. Any person who on the date this act takes effect is under a disability by reason of being under the age of twenty-one years and who has such disability removed by this act shall have the time as prescribed by law for limitation of actions to commence the action and such time shall run from the effective date of this act." See Laws 1972 Chapter 146.

We find no legislative intent to preserve 21 years as the age of majority as to support orders entered prior to the 1972 statutory change.

Appellee has cited the case of Vicino v. Vicino, 30 Conn.Sup. 49, 298 A.2d 241 (1972) in support of her position. In holding that a 1972 statute changing the age of majority to 18 did not terminate an order entered prior to its effective date for the support of a minor child who attained 18 years, the court relied upon the broad language of § 83 of the act which provided that nothing in the act ". . . shall impair or affect any . . . right accruing, accrued or acquired, or an obligation, liability, . . . incurred prior to the effective date of this act, and the same may be enjoyed, asserted and enforced, as fully and to the same extent and in the same manner as they might under the laws existing prior to said date, and all matters . . pending on said date . . . for any act done, . . . right accruing, accrued or acquired, or obligation, liability . . . incurred prior to said date may be continued or instituted under and in accordance with the provisions of the law in force at the time of the commission of said act done . . . right accruing, accrued or acquired or obligation, liability, . . . incurred." We find no statutory counterpart in our legislation.

We are cognizant of the Washington cases of Baker v. Baker, 80 Wash.2d 736, 498 P.2d 315 (1972) and the Washington Court of Appeals in Sproston v. Sproston, 8 Wash.App. 218, 505 P.2d 479 (1973) wherein it was held that judgments entered in divorce decrees prior to August 9, 1971, the effective date of the change of the age of majority, were not affected thereby. We are not impressed with their rationale. The change in the age of majority is not being applied retroactively. State v. Kiessenbeck, supra.

We have held that a statutory change is not permitted to impair the obligation of a contract or to abrogate a vested right. In Re Dos Cabezas Power Dist., 17 Ariz.App. 414, 498 P.2d 488 (1972). However, neither parent nor child has a vested right in a support order which would extend payments beyond the age of emancipation. Shoaf v. Shoaf, supra. Appellee's position is that the support obligation is determined as of the date of the parties' agreement and continues as a vested right regardless of any change made by the law. The very language of the agreement does not permit this interpretation. Liability for support, always subject to change, is to continue until the child is emancipated by majority. Appellant's son has been emancipated by majority and since the legislature made no exception in the statute, courts can neither read an exception into it nor change the age at which an infant becomes an adult. An anomalous situation would be created were an emancipated child under no obligation to conform his life to the wishes of either parent but could impose upon a parent a legal obligation to support him.

As to the argument that the law in force at the time the parties' agreement was made became a part of that agreement,

thus fixing emancipation at age 21, we agree with the following statement in Shoaf v. Shoaf, supra:

"A child support payment falls in the category as an alimony payment and becomes subject to review by the court upon change of conditions. The Legislature unequivocally changed the conditions by fixing a different date upon which liability to support a child terminated." 192 S.E.2d at 303.

We hold, therefore, that since appellant's son had reached his majority at the time the show cause proceedings were instituted, appellant's only liability was as to any accrued support prior to August 13, 1972. Requiring him to continue child support for his three children until each reaches the age of twenty-one was erroneous.

Reversed.

HATHAWAY, C. J., and KRUCKER, J., concur.