294 So.2d 57 (1974)
Leonard H. FINN, Appellant,
v.
Mildred J. FINN, Appellee.
No. 73-1518.
District Court of Appeal of Florida, Third District.
April 2, 1974.
Rehearing Denied May 21, 1974.
Shalle Stephen Fine, Miami, for appellant.
Murray Greenberg, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an interlocutory appeal from a post final judgment order, requiring the appellant to continue child support for his children past the age of 18 years.
The appellee commenced a marital litigation in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. On December 14, 1971, the trial court entered its final judgment and decree dissolving the marriage between the parties. That decree provided in part:
* * * * * *
"Custody of the adoptive children of the parties, to wit: Curtis Finn and Keith Finn, is awarded to MILDRED J. FINN with liberal visitation rights in LEONARD H. FINN. LEONARD H. FINN shall pay to MILDRED J. FINN as and for child support for Curtis and Keith Finn the sum of $100.00 per week."
* * * * * *
On November 29, 1973, the trial court, pursuant to post judgment motion by the *58 plaintiff-wife, entered the order herein appealed, which reads as follows:
* * * * * *
"THIS CAUSE came on for hearing on the motion of the plaintiff, MILDRED J. FINN, for an Order enforcing that portion of the final judgment heretofore entered in this cause on December 14th, 1971, ordering and directing the defendant, LEONARD H. FINN, to pay the sum of $100.00 per week child support for the support of the children of the parties, to wit, CURTIS FINN and KEITH FINN. It was agreed by and between counsel for the respective parties that said children attained the age of 18 years on September 29th, 1973. It was agreed further that as of that date LEONARD H. FINN, the defendant herein, and the father of said twin boys, stopped paying $100.00 per week child support. It was also agreed by and between the parties hereto that said children are each attending college and that neither of said children is physically or mentally disabled.
"Petitioner, the plaintiff herein, argued that under the terms of the final judgment said $100.00 a week child support was to continue until such time as the children attain the age of 21 years. Defendant argued that child support should terminate effective September 29th, 1973, the date on which the children attained 18 years of age.
"Upon consideration of all the foregoing, it is hereby
ORDERED AND ADJUDGED, as follows:
1. That the motion for enforcement of judgment be and the same hereby is granted in its entirety.
2. That defendant, LEONARD H. FINN, shall pay the sum of $100.00 per week for child support until the children, to wit, CURTIS FINN and KEITH FINN, attain the age of 21 years.
3. That defendant, LEONARD H. FINN, shall forthwith pay to the plaintiff, MILDRED J. FINN, all arrearages in child support existing as of the date of the signing of this Order together with interest thereon at the rate of six percent per annum.
4. That a hearing to settle the distribution of the remaining assets of the parties shall be and the same hereby is set for Monday, January 21st, 1974 commencing at 2:00 o'clock P.M.
5. That this Court shall retain jurisdiction of this cause for the purposes of enforcing the provisions of this Order."
* * * * * *
The trial court's post judgment order leading to this appeal finds, as a matter of fact, that Curtis and Keith Finn, the children of the parties, attained the age of 18 years on September 29, 1973, and it was further found that they were each attending college and that neither of them was physically or mentally disabled. The 1973 Legislature enacted Chapter 73-21, amending F.S. 1.01, F.S.A. That statute, Ch. 73.21, reads:
"Be it Enacted by the Legislature of the State of Florida:
"Section 1. Subsection (14) of section 1.01, Florida Statutes, is created to read:
1.01 Definitions
In-construing these statutes and each and every word, phrase or part hereof, where the context will permit:
(14) The word `minor' includes any person who has not attained the age of 18 years.
"Section 2.
The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise *59 excluded by the Constitution of the State of Florida immediately preceding the effective date of this act. Provided, however, this act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and provided further that any crippled child as defined in chapter 391, Florida Statutes, shall receive benefits under the provisions of said chapter until age 21, the provisions of this act to the contrary notwithstanding.
"Section 3.
This act shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to the effective date of this act.
"Section 4.
Any law inconsistent herewith is hereby repealed to the extent of such inconsistency. In editing the manuscript for the next revision of the Florida Statutes, the statutory revision and indexing service is hereby directed to conform existing statutes to the provisions of this act.
"Section 5.
In the event that any provision or application of this act is held to be invalid, it is the legislative intent that the other provisions and applications hereof shall not be thereby affected.
"Section 6.
This act shall take effect July 1, 1973.
Approved by the Governor May 9, 1973.
Filed in Office Secretary of State May 9, 1973."
It is the appellant's contention that under these circumstances support for the two persons ceased when they reached the age of 18 and, therefore, the chancellor erred in directing that the support be continued until they had reached the age of 21 years. We disagree, and affirm the action of the chancellor.
First, Section 2, Ch. 73.21, Fla. Stat. authorizes a court to provide dependent persons beyond the age of 18 with support and, second, Section 3 clearly indicates that the statute was not to have an impact on obligations existing prior to the effective date of the act. Prior to July 1, 1973, the appellant was obligated to support the children of the marriage until they reached the age of 21 years. Under the provisions of the act, these obligations were not to be disturbed. See: Vicino v. Vicino, 30 Conn.Sup. 49, 298 A.2d 241. Compare Ruhsam v. Ruhsam, 21 Ariz. App. 101, 515 P.2d 1199.
Therefore, the order here under review be and the same is hereby affirmed.
Affirmed.