PER CURIAM.
The appellant wife appeals an order of the circuit court denying her motion for enforcement of a judgment entered June 13, 1969 providing support for a nineteen year old child. The court held:
* * * * * *
“3. That Florida Statute [ ] § L-01(14) [F.S.A.], which became effective July 1, 1973, defines ‘minor’ as a person who has not attained the age of 18 years.
“4. That the oldest child of the parties was 19 years of age on the date the aforesaid statute became effective.
5. That the oldest child of the parties therefore attained the age of majority on the date Florida Statute 1.01(14) [F.S.A.] became effective, thereby ending the Defendant’s obligation to make support payments for said child.”
******
The order appealed was entered prior to this court’s interpretation of the statute in *395 Finn v. Finn, Fla.App.3rd 1974, 294 So.2d 57, wherein this court held:
‡ s¡< ífc ‡ ^ ^
“Section 3 clearly indicates that the statute was not to have an impact on obligations existing prior to the effective date of the act. Prior to July 1, 1973, the appellant was obligated to support the children of the marriage until they reached the age of 21 years. Under the provisions of the act, these obligations were not to be disturbed. See: Vicino v. Vicino, 30 Conn.Sup. 49, 298 A.2d 241. Compare Ruhsam v. Ruhsam, 21 Ariz.App. 101, 515 P.2d 1199.”
i]í % s{i ¿!¡i
See also Field v. Field, Fla.App.2nd 1974, 291 So.2d 654.
Accordingly, the order appealed is reversed and the cause is remanded for further proceedings in accordance with the opinions cited.
Reversed and remanded.