311 So.2d 746 (1975)
Ernest E. DROTOS, Appellant,
v.
Wahneeda W. DROTOS, Appellee.
No. 74-1061.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 12, 1975.
Hacker & Phelps, Miami, for appellant.
William L. Sabella, Miami, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an interlocutry appeal, by the respondent in an action for dissolution of marriage, from a post judgment order denying his petition for reduction of child support and to terminate alimony payments to the wife, and finding him in contempt *747 of court for partial default in the ordered payments. On consideration thereof we find no reversible error, and affirm.
In the judgment of dissolution of marriage, entered in 1971, the court granted alimony permanent in nature, the provision therefor being "The husband shall pay to the wife the sum of $175 per month as alimony, said payment to continue until such time as the wife remarries". For support of the two children of the marriage the judgment ordered payment by the husband of $250 per month "until such time as one of the children becomes married, reaches the age of 21 years or becomes self-supporting, whichever occurs first, at which time such child support shall be reduced in the amount of $75 per month and the husband shall pay for the remaining minor monthly child support in the amount of $175 and continue until such child becomes married, self-supporting or attains the age of 21 years".
On February 7, 1974 the husband filed his petition for modification. Therein he alleged that the older child, Elaine, had become 18 years of age, and alleged the wife was employed and capable of self support.
The court correctly refused to regard as a ground for reducing the child support the fact that one of the children had become 18 years of age, where support had been ordered until the child became 21 years of age, which had not yet been attained. By express provision of the 18 year old majority statute, Ch. 73-21, § 3, it was provided that the act should operate prospectively, and "shall not affect the rights and obligations existing prior to the effective date of this act" [July 1, 1973]. See Finn v. Finn, Fla.App. 1974, 294 So.2d 57; Finn v. Finn, Fla. 1975, 312 So.2d 726; Daugherty v. Daugherty, Fla.App. 1974, 293 So.2d 394; Daugherty v. Daugherty, Fla. 1975, 308 So.2d 24. The said older child had not married. She was attending college, and, although she had a part-time job, was not shown to be self-supporting. It follows that no excuse in law was shown for the failure of the husband to pay the child support ordered in the judgment, and where it was shown that the husband was delinquent therein intentionally, the holding that he was in contempt of court was not error.
The alimony allowance was not, as contended by the husband, rehabilitative in nature, and there was no showing of changes in the circumstances of the parties for which the alimony should be terminated.
The judgment is affirmed.