HENDRY, Chief Judge.
The appellant was sued by appellee in a paternity and support action in the Circuit Court of Dade County in 1966, wherein appellant was found to be the father of two girls borne by appellee out of wedlock. The *911 final decree dated May 31, 1967, ratified and incorporated by reference a stipulation entered into by the parties in open court that settled all issues between the parties and obligated the appellant to pay, inter alia, the appellee as and for support, $35.00 per week for each child, until the child reaches the age of twenty-one (21) years.
On October 30, 1973, appellee applied to the court for an increased allowance for the children and was granted same on May 2, 1974.
By this appeal the appellant questions the correctness of the court’s orders requiring him to pay for the children’s college and summer camp expenses in addition to $65.00 per week, instead of $35.00 per week for each child as provided for in the original decree of May 31, 1967.
It is appellant’s contention that he is entitled to be relieved of such obligation by reason of the provisions of Chapter 73-21, Laws of Florida, which reduced the age of majority to eighteen (18) years of age, effective July 1, 1973. We cannot agree.
We have carefully considered all of appellant’s contentions in the light of the record, briefs and arguments of counsel and have concluded that no reversible error has been made to appear. See Finn v. Finn, 312 So.2d 726 (Fla.1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla.1975); Drotos v. Drotos, 311 So.2d 746 (Fla. 3d DCA 1975); Dalton v. Dalton, 304 So.2d 511 (Fla. 4th DCA 1974); Field v. Field, 291 So.2d 654 (Fla. 2d DCA 1974); Register v. Register, 230 So.2d 684 (Fla. 1st DCA 1970).
Affirmed.