HURLEY, Judge, concurring specially:
This appeal presents the question whether a father who is under a legal obligation to provide for his children’s support until their twenty-first birthday may be required to pay for his oldest child’s college expenses. In my view the requirement constitutes a legitimate exercise of the trial court’s discretion and, therefore, I join in the court’s affirmance.
The parties were divorced in Louisiana on March 1, 1972. Pursuant to the judgment in that proceeding, appellant was to pay $500 per month as support for the parties’ three children. His annual income at that time was $32,000, but when this appeal was filed, he was earning in excess of $100,000 per year as an orthopedic surgeon in Bro-ward County. Appellee earns approximately $7,500/8,500 per year as a school teacher in Louisiana.
On June 29, 1973, the Louisiana decree was established as a judgment and decree in the State of Florida. In 1977, appellee petitioned for modification of the judgment in Florida, requesting an increase in child support due to changed circumstances. Her financial affidavit demonstrated that the needs of the children had so increased since the date of the original judgment that the expenses incurred by her and the children now exceeded her monthly net income, excluding child support and alimony, by over $2,000. Adopting the findings of a general master, the trial court found that an increase in child support was warranted due to a substantial change in circumstances. Having considered appellant’s increased income and the increased needs of the minor children which resulted from their ages, the rise in the cost of living, inflation, and educational requirements, the court ordered appellant to pay an additional $350 per month as child support. In addition, since his oldest child had graduated from high school and evidenced the desire and academic ability to enter college, appellant was also ordered to assume financial responsibility for her college education.
The record clearly reflects a substantial change in circumstances warranting an increase in child support which appellant is financially capable of providing. Therefore, I do not hesitate in joining the affirmance of that portion of the court’s order. Consequently, all that is left to determine is whether, under the facts of this case, child support should include college expenses. I believe it should.
The lowering of the age of majority from 21 to 18 operated prospectively only, leav *777 ing unaffected the rights and obligations existing prior to July 1, 1973. Section 743.-07, Florida Statutes (1979). Since the child support obligation herein was established in Florida on June 29, 1973, it will continue until the children reach the age of 21. Finn v. Finn, 312 So.2d 726 (Fla.1975); Burgdorf v. Burgdorf, 372 So.2d 988 (Fla.2d DCA 1979). Thus, college expenses do not present the problem of post-majority support which has surfaced since the lowering of the age of majority. See Nicolay v. Nicolay, 387 So.2d 500 (Fla.2d DCA 1980), surveying Florida case law on this topic; see also Note, Post-Majority Support in Florida: An Idea Whose Time Has Come? 5 Nova L.J. 271 (1981).
In my view, the guiding principal for the case at bar is found in the following excerpt from Finn v. Finn, supra:
In this age of sophisticated technology and economic complexity with the necessity of development of special skills to qualify for pursuit of a trade, profession or to obtain employment, a person over 18 and less than 21 may indeed be dependent on the help of others to obtain what education and training is needed to be competitive in the economic system in which he must make his way. He and society have a right to expect his parents to meet that need to the reasonable extent of their ability to do so... . Id. at 731.
Accord, Aumaitre v. Troyanos, 344 So.2d 910 (Fla.3d DCA 1977); Bosem v. Bosem, 269 So.2d 758 (Fla.3d DCA 1972); Register v. Register, 230 So.2d 684 (Fla.1st DCA 1970).
I am also influenced by appellant’s obvious financial ability to assume responsibility for his child’s college expenses and by the child’s demonstrated aptitude and desire to pursue a college education. Moreover, since the parents are well-educated, it is reasonable to assume that the child would have been given the opportunity for higher education had the marriage not been dissolved. Thus, I believe that the trial court’s discretion in modifying child support is sufficiently broad to allow for the inclusion of college expenses under the unique circumstances herein.