Filed 11/27/23  Marriage of C.D. and G.D. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of C.D. and G.D. | 2d Civil No. B320004<br>(Super. Ct. No.  D388847)<br>(Ventura County) |
| C.D.,<br><br>    Appellant,<br><br>v.<br><br>G.D. et al.,<br><br>    Respondents. | |

C.D. (Mother) appeals from two postjudgment orders, one granting a request from G.D. (Father) for attorney fees to prosecute his appeal in a related case, and a second directing her to resume therapy for their minor daughters.  Mother contends the former order must be vacated because Father did not file a written request for appellate fees or demonstrate that his appeal was based on reasonable grounds or good faith, and because the

fee award was unreasonable. She contends the latter order must be vacated because she has exclusive authority to determine whether to send her daughters to therapy. We affirm.

FACTUAL AND PROCEDURAL HISTORY

Mother and Father married in 2013. Their twin daughters, F.D. and S.D., were born four years later. Soon thereafter, Mother petitioned to dissolve the marriage. The trial court approved the dissolution petition and, after finding that Father had sexually abused F.D. and S.D., granted Mother sole legal custody. The court also barred Father from visiting his daughters, and entered a domestic violence restraining order forbidding him from contacting them or Mother for five years. We affirmed the judgment on appeal. (*In re Marriage of C.D. & G.D.* (2023) 95 Cal.App.5th 378, 387 (*C.D. & G.D. I*).)

In subsequent proceedings, the trial court awarded Father $50,000 in attorney fees to prosecute his appeal of the judgment regarding custody and visitation issues. It also ordered Mother to resume F.D. and S.D.'s therapy with N.L., the therapist who worked with them throughout the dissolution proceedings.

DISCUSSION

*The attorney fee award*

Mother contends the trial court erred when it granted Father's appellate attorney fee request because he did not make his request in writing, he did not show reasonable grounds or good faith for appeal, and/or the amount of the fee award was unreasonable. We disagree.

*1. Background*

While the judgment on custody and visitation issues was pending, Father, then proceeding in pro. per., requested $50,000 to "pay for [his] attorney fees and costs in this legal proceeding"

2

and "to hire an attorney in a timely manner before the proceedings in the matter go forward." In support of his request, Father asserted that Mother had an annual income nearly double his. He said that he had paid nearly $87,000 in attorney fees to date (both from his own income and with loans from his parents), and still owed nearly $6,000. He needed the $50,000 because the sexual abuse allegations against him had "done irreparable damage to [his] ability to earn income" and "prevent[ed] [him] from hiring appropriate legal counsel." He had been terminated from his teaching position, and lost employment opportunities as a security contractor.

Mother responded to Father's request after judgment was entered. She argued the request was moot because Father sought fees in a matter that had already been litigated.

At the hearing on Father's request, he argued the $50,000 was now needed to prosecute an appeal. Father said the amount sought was based on what counsel had told him would be necessary to pursue his appeal. He did not initially request appellate fees because he made his request prior to the entry of judgment.

Mother argued the trial court should deny Father's request because her only source of income was from the government; all her legal fees in the dissolution and custody proceedings had been paid by her parents. Additionally, Father's request was silent on the matter of any appeal; appellate fees were mentioned for the first time at the hearing on his request.

The trial court awarded Father $50,000 in attorney fees, to be used "exclusively for the purpose of providing [him] with the financial resources necessary and appropriate to prosecute his appeal" of the judgment on custody and visitation issues. The

3

court found that Mother had the ability to pay the fees because her parents did not expect to be repaid for what they had paid in the dissolution proceedings.  That money could be deemed a gift to Mother and imputed to her as income.

Mother moved the trial court to reconsider its attorney fee order.  She argued the award was improper because Father did not provide notice of his request for appellate fees, which deprived her of the ability to argue against them.  She also argued that had she known appellate fees were at issue she would have provided more information about her inability to pay and the fees that had been paid by her parents.  Additionally, Mother noted that Father had not stated the basis for his appeal, nor had he "provide[d] any facts or information from which the [c]ourt could determine that the appeal was filed in good faith[] and with reasonable grounds."  The court denied Mother's motion.

*2. Analysis*

"Litigants to a spousal dissolution may request appellate attorney fees under [Family Code[1]] section 2030."  (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 473-474 (*Nakamoto & Hsu*).)  Before a court grants such a request, " 'four conditions must be met: (1) the requesting spouse must show a need for the award; (2) the paying spouse must have the ability to pay the fees; (3) the appeal must be taken in good faith; and (4) there must be reasonable grounds for the appeal in the sense that reasonable persons should believe that the contentions merit the appellate court's attention and resolution.' "  (*Id.* at p. 474.)  We review an award of attorney fees under section 2030 for abuse of discretion.  (*Nakamoto & Hsu*, at p. 474.)  A trial court abuses its

---

[1] Statutory references are to the Family Code.

4

discretion if its decision " 'exceeded the bounds of reason.' " (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1449.) Awarding attorney fees " 'without making any inquiry into the reasonableness of those fees' " exceeds the bounds of reason. (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 112.)

Mother first claims the trial court abused its discretion when it granted Father's appellate attorney fee request because he did not make that request in writing. (See § 2031, subd. (a)(1) [attorney fee requests must generally be made by noticed motion or order to show cause].) But Mother did not challenge Father's request on this basis during the proceedings below. She cannot do so for the first time on appeal. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.)

Mother next claims the trial court erroneously granted Father's fee request because he did not specify how he met the third and fourth factors delineated in *Nakamoto & Hsu, supra*, 79 Cal.App.5th at page 474. Mother is correct that Father did not describe how he met these factors during the proceedings below. But that is not the same as showing that he did not meet them.

The trial court's order awarding Father appellate attorney fees is presumed correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 (*Arceneaux*).) And absent evidence to the contrary, we presume the court knew and correctly applied the law when it issued that order. (*People v. Jones* (2017) 3 Cal.5th 583, 616.) In her briefs on appeal, Mother has not shown how she overcomes either of these presumptions.

Nor, in our view, could Mother overcome them. The fees Father requested were used to prosecute his appeal in *C.D. & G.D. I, supra*, 95 Cal.App.5th 378. There was no indication that that appeal was frivolous or taken solely for delay. To the

5

contrary, it required us to analyze the interplay of multiple provisions of the Family Code, and resulted in a published opinion. Those issues warranted this court's attention and resolution. Father's request thus met the prerequisites for an award of appellate attorney fees. (Cf. *In re Marriage of Davis* (1983) 141 Cal.App.3d 71, 78 [appellate court made findings of good faith and reasonable grounds for appeal].)

Finally, Mother claims the fee award is unreasonable and should be vacated because Father did not "provide the [trial] court with sufficient information about [his] attorney's hourly billing rate; the nature of the litigation; [his] attorney's experience in the particular type of work demanded; the fees and costs incurred or anticipated; and why the requested fees and costs [were] just, necessary, and reasonable." (Cal. Rules of Court, rule 5.427(b)(2).) But Father did provide some of that information at the hearing on his fee request. And our sister courts have permitted parties to potentially recover attorney fees despite noncompliance with rule 5.427. (See, e.g., *C.T. v. K.W.* (2021) 71 Cal.App.5th 679, 683; *N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1054.)

Additionally, a court is not limited to the information set forth in rule 5.427 when determining the reasonableness of an attorney fee request. "When apprised of the pertinent facts, the . . . court may rely on its own experience and knowledge [to] determin[e] the reasonable value of [an] attorney's services." (*Niederer v. Ferreira* (1987) 189 Cal.App.3d 1485, 1507; see also *In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 300.) The trial court here did just that. The court was assigned to this case in October 2018. Though it did not handle the trial on custody and visitation issues that was the subject of the appeal in *C.D. & G.D.*

6

*I*, the court did handle several other matters between the parties between its original assignment and the award of attorney fees. This belies Mother's suggestion that the court did not have sufficient knowledge of the case to determine the reasonable value of the services required to prosecute an appeal. There was no abuse of discretion.

### *The therapy order*

Mother next contends the trial court erred when it ordered her to resume her daughters' therapy with N.L. because, as the parent with sole legal custody, she has the exclusive right to decide whether and under what conditions F.D. and S.D. receive therapy. We conclude that Mother has forfeited this contention. We also disagree with it on the merits.

### *1. Background*

At a hearing on April 7, 2022, the trial court asked whether F.D. and S.D. were still in therapy. Mother's counsel said that therapy was in a hiatus. The court asked if Mother planned to resume the girls' therapy with N.L. Counsel replied, "Yes. I believe that is part of the plan. Yes." The court then asked if anyone would object to it ordering therapy with N.L. When neither counsel nor Mother—who was present at the hearing— objected, the court ordered Mother to resume her daughters' therapy with N.L. at biweekly intervals.

Upon learning that Mother had not obeyed the trial court's order, F.D. and S.D.'s appointed counsel requested an order that Mother make a therapy appointment for the girls within 48 hours. Mother opposed the request in a filing dated April 26, claiming her attorney had mistakenly consented to therapy with N.L. at the April 7 hearing. She had selected a new therapist and scheduled an initial evaluation prior to that hearing, but

neglected to inform counsel that she had done so. Additionally, Mother claimed her daughters were thriving without therapy, and, based on advice from her own therapist (who did not interview F.D. or S.D.), she was worried that resuming therapy with N.L. would remind them of their sexual abuse.

After a May 2 hearing on appointed counsel's request, the trial court ordered F.D. and S.D. to resume therapy with N.L. within 10 days.

### 2. *Analysis*

" ' " ' "No procedural principle is more familiar to this [c]ourt than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make [a] timely assertion of the right before a tribunal having jurisdiction to determine it." ' " ' " (*People v. Harrison* (2013) 57 Cal.4th 1211, 1229.) Mother did not follow that principle here. Though she was present at the April 7 hearing—during which her attorney agreed that F.D. and S.D. would resume therapy with N.L.—Mother did not object. She then initiated no proceedings after that hearing to notify the trial court that she objected to resuming therapy with N.L. It was not until F.D. and S.D.'s appointed counsel asked the court to order the girls to resume therapy—weeks later—that Mother finally objected to therapy with N.L. Such an untimely objection forfeits the issue on appeal. (*Ibid.*)

Mother's challenge to the therapy order also lacks merit. A trial court may require children involved in custody disputes to participate in therapy, for up to one year, if it finds that: (1) there is a dispute between the parents that "poses a substantial danger to the [children's] best interest[s]," and (2) therapy is in the children's best interests. (§ 3190, subd. (a).) When ordering

8

therapy, the court must state why "the dispute poses a substantial danger to the [children's] best interest[s]," why therapy is in their best interests, and why any financial burden caused by the therapy order "does not otherwise jeopardize a party's other financial obligations." (*Id.*, subd. (d).)

The trial court did not make the required findings at the May 2 hearing. But as an appellate court, we do not reject defective rulings " 'where an objection could have been but was not presented to the lower court by some appropriate method.' " (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.) It " 'is simply . . . unfair to the trial judge and to the adverse party to take advantage of an error on appeal when it could easily have been corrected at the trial.' " (*Ibid.*, italics omitted.)

Mother attended the May 2 hearing. But she did not ask the trial court to make the findings required by section 3190, subdivision (d). The lack of findings thus does not undermine the propriety of the trial court's therapy order.

Moreover, a trial court's order is "presumed to be correct on appeal," and "all intendments and presumptions are indulged in favor of its correctness." (*Arceneaux, supra*, 51 Cal.3d at p. 1133.) We also presume the court "consider[ed] all of the relevant statutory factors and made all of the factual findings necessary to support" it. (*Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1320.) Any " 'failure to make a material finding on an issue supported by the pleadings and substantial evidence' " will accordingly be deemed " 'harmless when the missing finding may reasonably be found to be implicit in other findings.' " (*In re Marriage of Lusby* (1998) 64 Cal.App.4th 459, 470 (*Lusby*).)

Here, substantial evidence supports the trial court's implied findings. First, the dispute between Mother and Father poses a substantial danger to the best interests of F.D. and S.D. These proceedings started five years ago—when the girls were not yet two years old—and have included allegations of sexual abuse, fights over schooling, and financial disputes. Mother has also challenged Father's therapeutic visitation with the girls.[2]

Second, all parties agree that therapy would be in F.D.'s and S.D.'s best interests; Mother just wants them to see a therapist other than N.L. But the girls have a long history of therapy with N.L., having seen her since they began exhibiting sexual behaviors outside the norm for girls their age. The mediator also recommended that the girls resume therapy with N.L. The trial court was entitled to follow that recommendation over Mother's tardy assertion that her therapist recommended a different therapist. (*Wells Fargo Bank, N.A. v. 6354 Figarden General Partnership* (2015) 238 Cal.App.4th 370, 392 [trial court may reject expert opinion].)

Finally, the evidence indicates that any burden caused by the therapy order will not otherwise jeopardize Mother's other financial obligations. The trial court heard arguments over Father's request for appellate attorney fees just one month before it ordered F.D. and S.D. to resume therapy with N.L., and was aware of the parties' financial resources and obligations. And when she objected to the therapy order, Mother did not claim that her obligations had changed in any way; other than stating that

_____

[2] On our own motion, we have taken judicial notice of Mother's pending appeals in case numbers B322858 and B325287. (*Adelman v. Associated Internat. Ins. Co.* (2001) 90 Cal.App.4th 352, 356, fn. 2.)

10

N.L. does not take her insurance, she did not discuss her finances. We thus conclude that the court's failure to make the findings required by section 3190, subdivision (d), was harmless. (*Lusby*, *supra*, 64 Cal.App.4th at p. 470.)

Mother also argues that, as the parent with "sole legal custody," she has the exclusive right to make decisions related to the health and welfare of her daughters, including whether and under what conditions to send them to therapy. (Citing § 3006.) This argument contradicts section 3190. It also ignores the courts of this state's continued interest in the welfare of children. Nearly a century ago, our Supreme Court explained that, in dissolution matters, a court retains an interest in and jurisdiction over "the custody, care, and maintenance of . . . minor children . . . during their . . . minority." (*Moore v. Superior Court* (1928) 203 Cal. 238, 242-243.) This is because "the judgment of [dissolution,] insofar as it relates to the custody and maintenance of minor children[,] is not final" but instead "must be regarded as still pending." (*Reynolds v. Reynolds* (1943) 21 Cal.2d 580, 584.) Thus, in custody matters, a court retains jurisdiction to monitor a child's welfare. (*In re Marriage of Kreiss* (2004) 122 Cal.App.4th 1082, 1084-1085.) Ordering Mother to resume F.D. and S.D.'s therapy with N.L. falls squarely within the trial court's power.

This conclusion does not conflict with our opinion in *In re Marriage of C.D. & G.D.* (2023) 95 Cal.App.5th 433 (*C.D. & G.D. II*).) In that case, the trial court granted Father's request for an order directing Mother to send F.D. and S.D. to public school. (*Id.* at p. 436.) On appeal, Mother argued the court erroneously granted that request because she, as the parent with sole legal custody, had the exclusive right to make decisions about her daughters' education. (*Id.* at pp. 436-437.) We agreed the court

should not have granted Father's request because, to have input on his daughters' education, Father first had to obtain joint custody, something he did not do. (*Id.* at p. 438.)

In contrast to *C.D. & G.D. II*, *supra*, 95 Cal.App.5th 433, here, it was not Father who requested an order directing Mother to resume their daughters' therapy with N.L.; it was the *trial court* that issued the order—initially with Mother's agreement, then after a request from the girls' appointed counsel. And unlike the situation in *C.D. & G.D. II*, where Father did not have a right to dictate matters related to his daughters' education, here, the trial court had inherent authority to supervise the girls' welfare. It also had authority vested in it by the Legislature, through section 3190, to order Mother to resume her daughters' therapy with N.L.

## DISPOSITION

The trial court's order awarding G.D. $50,000 in appellate attorney fees, entered March 4, 2022, is affirmed. The order directing C.D. to resume F.D. and S.D.'s therapy sessions with N.L., entered May 2, 2022, is also affirmed. G.D. shall recover his costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.          YEGAN, J.

12

John R. Smiley, Judge

Superior Court County of Ventura

_____

Law Offices of Jeffrey A. Slott, Jeffrey A. Slott; The Law Office of Greg May and Greg May for Appellant.

Taylor, McCord, Praver & Cherry, Patrick G. Cherry; Ventura Coast Law and Douglas K. Goldwater for Respondent G.D.

Amanda Sanderson and Andrew Wolf for Respondents F.D. and S.D.